485 P.2d 552

**ROCKY MOUNTAIN FIRE & CASUALTY COMPANY, a Washington corporation, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois corporation et al., Appellees.**

**No. 10291–PR.**

Supreme Court of Arizona, In Banc.

May 27, 1971.

Burch, Cracchiolo, Levie & Guyer by Daniel Cracchiolo, Phoenix, for appellant.

Moore, Romley, Kaplan, Robbins & Green by Craig R. Kepner, Phoenix, for appellee Allstate Ins. Co.

Hunter, Bartlett & Lerch by William C. Penn, Phoenix, for appellee Quinlan.

Samuel R. Hutchison, Phoenix, for appellees Quinlan and Foster.

HAYS, Vice Chief Justice.

The facts of this case are not in dispute. On March 12, 1968, plaintiff-appellant, Rocky Mountain Fire & Casualty Company (hereinafter referred to as Rocky Mountain) insured Raymond E. Hodgson, dba Ray's Auto Body Shop, under a garage liability insurance policy with a face amount of $100,000.00 This policy provided insurance coverage under certain circumstances to garage customers using 'loaner' automobiles owned by Hodgson. The Rocky Mountain policy contained the following exclusionary clause:

"In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:

1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no damages are collectible under this policy.

2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are insufficient to pay damages up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages up to such limit.

3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit.

4. As used in this endorsement: 'applicable financial responsibility limit' refers to the applicable limit of the financial responsibility law of the state where the automobile is principally garaged."

On March 12, 1968, James J. McGowan delivered his automobile to Ray's Auto Body Shop (hereinafter referred to as Ray's) for repairs and was provided with a 'loaner' automobile. This 'loaner' vehicle

was insured under a garage liability policy issued by Rocky Mountain. While driving this 'loaner' vehicle, McGowan was involved in an accident with an automobile being driven by the appellee, Paul E. Quinlan, which resulted in McGowan's death and the serious injury of Quinlan.

At the time of this accident, McGowan was insured by the defendant-appellee, Allstate Insurance Company (hereinafter referred to as Allstate) pursuant to an automobile liability policy which contained the following clause:

> "[T]he insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other collectible insurance."

A suit for damages was subsequently brought against the estate of McGowan by Quinlan. The two insurance companies, Rocky Mountain and Allstate, were unable to agree as to which company had the primary duty to defend McGowan's estate in the Quinlan action and which policy had primary liability for the damages. As a result, Rocky Mountain instituted a declaratory judgment action in the Superior Court of Maricopa County to determine the respective duties and liabilities of the two insurers.

The Superior Court, on cross-motions for summary judgment, rendered judgment for Allstate. On appeal, the Court of Appeals reversed and held that both Rocky Mountain and Allstate had a pro-rata duty to defend the suit and cover the damages. Rocky Mountain Fire & Casualty v. Allstate Insurance Company, et al., 13 Ariz. App. 31, 474 P.2d 38 (1970); 13 Ariz.App. 405, 477 P.2d 279 (1970). Opinions of the Court of Appeals are vacated.

There are two primary issues for our consideration in this appeal. First, may an automobile owner's liability insurer, Rocky Mountain, exclude from liability coverage individuals using 'loaner' vehicles if there is other valid and collectible insurance available to such individuals in an amount sufficient to satisfy the requirements of

the omnibus clause of the Arizona Financial Responsibility Act? Secondly, does the Arizona Financial Responsibility Act permit less coverage for an omnibus insured, McGowan, than for the named insured, Ray's, if the liability limitation is in the policy of insurance and in an amount sufficient to satisfy the requirements of the Act?

The omnibus clause of the Arizona Financial Responsibility Act, A.R.S. § 28–1170, provides the following:

B. The owner's policy of liability insurance must comply with the following requirements:

1. It shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted.

2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle as follows:

(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident.

(b) Subject to the limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident.

(c) Five thousand dollars because of injury to or destruction of property of others in any one accident.

In Jenkins v. Mayflower Ins. Exchange, 93 Ariz. 287, 380 P.2d 145 (1963), we held that the omnibus clause is a part of every motor vehicle liability policy. We have also stated, on numerous occasions, that any attempt by an automobile owner's liability insurer to exclude a party or parties

from such omnibus clause coverage would be struck down as against the public policy declarations of the Arizona Financial Responsibility Act. Jenkins v. Mayflower Ins. Exchange, supra; Dairyland Mut. Ins. Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967); Universal Underwriters Ins. Co. v. Dairyland Mut. Ins. Co., 102 Ariz. 518, 433 P.2d 966 (1967).

Rocky Mountain urges, with respect to the first issue in this appeal, that even though it is the automobile owner's liability insurer, it may still properly exclude from the owner's omnibus coverage the garage customers using 'loaner' vehicles if it guarantees in the exclusionary provision, that the garage customer is always insured, either from his own insurer, Rocky Mountain, or both, in an amount sufficient to satisfy the Financial Responsibility Act requirements. Since the exclusionary provision of Ray's liability policy guarantees to protect the underlying public policy of the Financial Responsibility Act through the availability of adequate insurance, contends Rocky Mountain, it should be given full force and effect to insulate Rocky Mountain from any liability in the Quinlan action due to the availability of the Allstate policy.

Allstate responds with the argument that the "other insurance" clause of the Rocky Mountain policy is ineffectual to transfer primary liability for the defense and damages in the Quinlan action from the vehicle owner's liability insurer, Rocky Mountain, to the driver's insurer, Allstate. The exclusionary provision of Rocky Mountains' "other insurance" clause, reasons Allstate, is a direct violation of the principle frequently stated by this court that any limitation on the omnibus clause provision is void as being against the declared public policy of this state as expressed in the Arizona Financial Responsibility Act. We agree with Allstate.

■ We reject the argument that an automobile owner's liability insurer may exclude a party or parties from omnibus coverage if other insurance is available.

To permit such an exclusion from omnibus coverage would constitute a clear violation of the public policy underlying the Financial Responsibility Act. Dairyland Mut. Ins. Co. v. Andersen, 102 Ariz. 515, 433 P. 2d 963 (1967). Therefore, the exclusionary provision of the "other insurance" clause of Ray's policy, which exempts garage customers from omnibus coverage, is void and Rocky Mountain is primarily liable for both the defense of McGowan's estate and the award of damages in the Quinlan action.

With respect to the second issue in this appeal, Rocky Mountain maintains that the coverage available to an omnibus insured, McGowan, is circumscribed by the provision in its "other insurance" clause which reads " * * * but the amount of damages payable under this policy shall not exceed the applicable financial responsibility limit." Since the applicable financial responsibility limit at the time of the accident was $10,000.00 for single accident, contends Rocky Mountain, its liability to McGowan's estate in the Quinlan action is $10,000.00 and not the $100,000.00 face amount of the policy.

Conversely, Allstate responds that Rocky Mountain must insure McGowan's estate for the full face amount of Ray's policy, $100,000.00 and that its $10,000.00 policy is only liable for those damages awarded in excess of $100,000.00. Allstate contends, in support of this position, that in Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967) we held that an owner's policy must provide to the full limits of the policy the same liability coverage to an omnibus insured as to the named insured himself.

■ Allstate's interpretation of our opinion in *Sandoval*, supra is correct only in the absence of a limiting provision in the policy itself which confines the coverage of an omnibus insured to that amount prescribed by the Financial Responsibility Act. *Sandoval* held that A.R.S. § 28–1170, subsection G did not, in and of itself, place a limitation on the amount of coverage available to an omnibus insured. *Sandoval*

did not hold that if a proper limitation as to coverage afforded an omnibus insured was provided in the policy, such limitation would be void as against public policy.

Therefore, we find that the Arizona Financial Responsibility Act does permit less coverage for an omnibus insured than for the named insured if the liability limitation is in the policy of insurance and is in an amount sufficient to satisfy the Financial Responsibility Act requirements. It logically follows, then, that the coverage limitation provision in the Rocky Mountain "other insurance" clause violates neither the Arizona Financial Responsibility Act nor its underlying public policy and should be accorded full effect.

In light of the foregoing, we hold that Rocky Mountain is primarily liable for the defense of the Quinlan action and the first $10,000.00 in damages to be awarded. Allstate is liable, to the limits of its policy, for those damages awarded in excess of the first $10,000.00.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.