496 P.2d 147

**BALBOA INSURANCE COMPANY, a corporation, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 1144.**

Court of Appeals of Arizona, Division 2.

April 25, 1972.

Rehearing Denied May 17, 1972.

Review Denied June 27, 1972.

Lesher & Scruggs, by Monte C. Clausen, Tucson, for appellant.

---

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellee.

KRUCKER, Chief Judge.

This is a declaratory judgment action. This action arose out of an automobile accident which occurred May 3, 1969. There was no dispute as to the facts.

The issues before the trial court were the amount of coverage provided by plaintiff's and defendant's policies and whether plaintiff or defendant had the primary duty to defend. The judgment of the trial court, Honorable Lee Garrett presiding, concluded:

"1. That the policy of insurance issued by the plaintiff Balboa Insurance Company constitutes the primary coverage for Stanley J. Zalak in Civil Action No. 116969, Pima County, and Balboa Insurance Company is primarily liable for the defense of said action and has liability limits of $100,000.00 for each person and $300,000.00 for each accident.

2. That the defendant State Farm Mutual Automobile Insurance Company is secondarily liable under its policy of insurance and is only responsible to pay damages, if any, awarded in excess of $100,000.00 for any one person and $300,000.00 for the accident."

■ Plaintiff-appellant admits its primary liability and its duty to defend but maintains that the liability limits for Mr. Zalak, an omnibus insured, is limited to the 10,000/20,000 specifically set by the provision in the policy.

There is no dispute as to the facts as they were stipulated to in the Court below. On May 3, 1969, while driving a vehicle he had rented from American Auto and Truck Rental (hereinafter called American), Stanley J. Zalak (hereinafter called Zalak) was involved in a single car accident approximately ten miles east of Sonoita, Arizona, Star Route 82. As a result of the accident, a passenger in the vehicle, Charles E. Williams, brought suit against Zalak. .

At the time of said accident, the vehicle in question was owned by American who had a liability insurance policy issued by appellant, Balboa Insurance Company (hereinafter called Balboa). Also at the time of said accident, Zalak was an insured under a liability policy issued by the appellee, State Farm Mutual Automobile Insurance Company (hereinafter called State Farm).

Balboa's policy contained liability limits of 100,000/300,000 for the named insured and its agents and employees. The Balboa policy also contained a "Driverless Liability Endorsement" which limited coverage for persons renting vehicles from American to 10,000/20,000.

State Farm's policy contained liability limits of 100,000/300,000 and also an excess provision as to non-owned vehicles.

■ The question for this court on review is whether the Arizona Financial Responsibility Act permits lower liability limits for an omnibus insured (Zalak) than for the named insured (American), if the lower liability limits specified in the policy of insurance for the omnibus insured satisfies the requirements of A.R.S. § 28–1170, subsec. B, as amended.

Balboa's "Driverless Liability Endorsement" provides as follows:

### "LIMITS OF LIABILITY

As respects any Driverless For Rent automobile operations, except as to the named insured, or an agent or employee of the named insured acting in the scope of such agency or employment the limits of liability as elsewhere expressed in this policy are amended to read:

*Coverage*
A—Bodily Injury Liability
*Limits of Liability*
$10,000 Each Person
$20,000 Each Accident"

An analogous endorsement was approved by the Arizona Supreme Court in Rocky Mountain Fire & Casualty Co. v. Allstate

Insurance Company, 107 Ariz. 227, 485 P.2d 552 (1971), wherein the court stated:

"Therefore, we find that the Arizona Financial Responsibility Act does permit less coverage for an omnibus insured than for the named insured if the liability limitation is in the policy of insurance and is in an amount sufficient to satisfy the Financial Responsibility Act requirements." 107 Ariz. at 231, 485 P.2d at 556.

We find *Rocky Mountain* clearly dispositive of the question before us. Appellee agrees that *Rocky Mountain* supports appellant's position but maintains that the Arizona Supreme Court did not adequately analyze the problem and that upon "more mature reflection" will surely reverse itself. Appellee further argues that *Rocky Mountain* is contra to all the previous pronouncements by the Arizona appellate courts which have refused to permit insurance companies to limit their liability to their insured.

■ This court is well-acquainted with the long line of cases following *Jenkins v. Mayflower Insurance Exchange*, 93 Ariz. 287, 380 P.2d 145 (1963), which have interpreted automobile liability insurance policies in a manner most favorable to the insured. However, the Arizona courts have emphasized continually that an insurance policy is a contract and that any liability arising therefrom must be based upon the provisions of the contract read in light of any controlling statutes. *Dairyland Mutual Insurance Co. v. Andersen*, 102 Ariz. 515, 433 P.2d 963 (1967); *D.M.A.F.B. Federal Credit Union v. Employers Mutual Liability Insurance Co.*, 96 Ariz. 399, 396 P.2d 20 (1964); *Kepner v. Western Fire Insurance Company*, 16 Ariz.App. 549, 494 P.2d 749 (filed March 15, 1972)

■ The Balboa policy before this court in clear and unambiguous language limits the coverage for an omnibus insured to 10,000/20,000, which satisfies the Arizona Financial Responsibility Act. The fact that the named insured has voluntarily insured itself beyond the minimum requirements has no effect upon its ability to provide lesser coverage for omnibus insureds, as long as the statutory minimum is satisfied.

The judgment of the lower court should be modified to hold Balboa primarily liable only to the extent of the 10,000/20,000 limits and State Farm is secondarily liable for all the excess over Balboa's liability and up to its (State Farm's) limits of 100,000/300,000.

The judgment is affirmed as modified.

HOWARD and HATHAWAY, JJ., concur.