548 P.2d 422

**EMPIRE FIRE AND MARINE INSURANCE COMPANY, Appellant,**

**v.**

**Katherine E. DURAN and Dora Marceline Coates, Appellees.**

**No. 1 CA–CIV 2633.**

Court of Appeals of Arizona, Division 1,

Department B.

April 20, 1976.

Rehearing Denied May 28, 1976.

Review Denied June 29, 1976.

Renaud, Cook, Miller & Cordova, P. A., by Robert H. Renaud, John H. Seidel, Phoenix, for appellant.

James H. Green, Jr., Phoenix, for appellee Duran.

Vern E. Gasser, Phoenix, for appellee Coates.

## OPINION

JACOBSON, Presiding Judge.

The issues involved in this appeal from a declaratory judgment deal with the effect of the trial court's judgment casting an indemnity insurance policy in terms of a liability policy; whether the driver of a vehicle was legally a permissive user; and if so, whether, under the terms of the policy involved here, the insurer is liable for acts caused by the permissive user.

On December 20, 1970, J. Michael Nichols was driving a 1966 Mustang automobile, the registered owner of which was Margot Langdon. Nichols had obtained the permission to drive the automobile from Mrs. Langdon's daughter, Patricia. Appellees, Katherine E. Duran and Marceline Coates, were passengers in the automobile driven by Nichols when the Mustang hit a concrete bridge abutment and some or all of the occupants of the Mustang were injured.

As a result of that accident, lawsuits were filed by the appellees against Nichols and Margot and Patricia Langdon, claiming personal injuries resulting from Nichols' alleged negligent operation of the vehicle.

Prior to April 18, 1970, Mrs. Langdon had made application to her insurance agent for a $100,000/$300,000 automobile liability policy covering her 1966 Mustang automobile. This insurance took the form of two policies—one issued by American Economy Insurance Company (American Economy), and one issued by appellant,

Empire Fire and Marine Insurance Company (Empire). The American Economy policy provided liability coverage in limits up to $10,000 per person and $20,000 per accident. It is asserted that the Empire policy provided indemnity coverage for any losses Mrs. Langdon might sustain in excess of the American Economy's policy in amounts of $90,000 per person and $280,000 per accident. As a result of both policies, Mrs. Langdon had insurance coverage of $100,000 per person and $300,000 per accident. The Empire policy provided:

"This policy, except where a provision to the contrary appears herein, is subject to all the conditions, agreements, exclusions and limitations of and shall follow the Primary Insurance [American Economy policy] in all respects . . . ."

The American Economy policy contained a permissive user (omnibus insured) clause. The Empire policy did not.

April 18, 1970, was Patricia Langdon's 21st birthday and on that date, Mrs. Langdon drove the 1966 Mustang to Flagstaff, Arizona, where Patricia was attending college. Mrs. Langdon gave Patricia the keys to the 1966 Mustang. Subsequently, Patricia drove her mother back to her home in Phoenix, and Patricia has had the unfettered control and possession of the 1966 Mustang since that time up to the time of the accident. Mrs. Langdon several days prior to Patricia's 21st birthday purchased a 1970 Mustang for her own personal use. This automobile was added to Mrs. Langdon's existing automobile insurance policy and her application adding the new car showed Patricia as the "driver" of the 1966 Mustang. Mrs. Langdon retained registered ownership of the 1966 Mustang.

After April 18, 1970, Mrs. Langdon was aware that Nichols was using the 1966 Mustang and made no objection. There is no dispute that on the day of the accident Nichols had Patricia's permission to drive the automobile.

As the result of the lawsuits filed against Mrs. Langdon, questions arose as

to whether Empire's policy covered the accident in question. Therefore, Empire filed a declaratory judgment action seeking a determination that its policy did not provide coverage for the December 20, 1970, accident involving the 1966 Mustang being driven by Nichols. Empire's complaint, among other things, alleged it had issued an insurance policy to Mrs. Langdon "providing excess insurance coverage with reference to the aforementioned and described motor vehicle inter alia for bodily injury liability of $90,000 for each person and $280,000 for each accident or occurrence . . ." The prayer of Empire's complaint was "that the court enter its order declaring that no coverage exists by virtue of and under the *terms and conditions* of plaintiff's policy of insurance with respect to the accident described . . . ." The answers of both appellees prayed judgment "that the court enter its order declaring that coverage does and did exist under the *terms* of plaintiff's policy of insurance with respect to the accident described . . . ."

The trial court granted appellees' motion for summary judgment in essence finding that coverage existed under Empire's policy for the accident in question. The trial court's judgment went on to state:

> "Plaintiff, Fire & Marine Insurance Co., by virtue of the provisions of policy No. EALP 19 33 06 is liable for all damages which Margot H. Langdon and/or J. Michael Nichols shall become legally obligated to pay because of the accident of December 20, 1970."

No objections were made to the form of this judgment.

The main issue on this appeal is, does Empire's policy afford coverage for the December 20, 1970 accident? Empire contends it does not for two reasons: (1) Its policy does not contain a "permissive user" clause and thus Nichols is not

covered and, (2) in any event, Mrs. Langdon made a gift of the 1966 Mustang to her daughter and thus she, as a named insured could not legally give permission to Nichols to drive the car, she having no legal control over it. As to the second issue, Empire contends that at least a factual issue was presented which would preclude the granting of summary judgment.

■ Empire's first argument is centered around our holding in *Balboa Ins. Co. v. State Farm Mutual Auto Ins. Co.,* 17 Ariz.App. 157, 496 P.2d 147 (1972) that since the Empire policy is an excess policy and the primary policy (American Economy's policy) satisfies the Financial Responsibility Act insofar as permissive users are concerned, the excess policy need not provide this coverage. In our opinion, we need not decide this issue for the holding in *Balboa* was bottomed upon a provision in the policy itself making a distinction between the amount of coverage available to the named insured and the amount of coverage available to the omnibus insured, a provision this court agreed was legally permissible. *See, Rocky Mountain Fire & Casualty Co. v. Allstate Ins. Co.,* 107 Ariz. 227, 485 P.2d 552 (1971). However, if the policy contains no limiting coverage on the omnibus insured, he is entitled to the same coverage as the named insured. *Sandoval v. Chenowith,* 102 Ariz. 241, 428 P.2d 98 (1967).

■ In Empire's policy, there is no omnibus insured clause. However, by the terms of that policy it incorporates and covers any liability covered under American Economy's primary policy.[1] American Economy's policy affords coverage for an omnibus insured, thus Empire's policy, by its own terms, affords like coverage. Empire's policy having afforded coverage to losses occasioned by an omnibus insured and its policy having no limitation on the amount of that coverage, the omnibus in-

---

1. The policy terms being "The company will indemnify the insured for such loss . . . as would have been payable under *all* the terms of the . . . Primary insurance." (emphasis added)

sured is entitled to the same coverage as afforded to the named insured. We therefore hold, as an initial matter, that Empire's policy provides omnibus insured protection to the limits of that policy.

■ Empire next argues that even if the omnibus coverage was available under the terms of its policy, Mrs. Langdon, the named insured, could not give actual or implied permission to Nichols to use the car as she was not the owner of the 1966 automobile at the time of the accident, ownership having passed by way of a gift to her daughter, Patricia.[2] Empire's main argument is that this is a fact issue which cannot be resolved on a motion for summary judgment. The facts cited by Empire to raise this factual issue are that Mrs. Langdon gave the keys to the 1966 Mustang to her daughter; that Patricia had free and unfettered control of the car; that Patricia paid for all gas, oil and maintenance; and that Patricia considered the car as her own. On the other hand, appellees point out that the title to the automobile remained in Mrs. Langdon; that Mrs. Langdon testified she intended to keep ownership of the car in herself; that after the accident, Mrs. Langdon recovered the salvage value of the car; and that, on August 21, 1970, after the alleged transfer, Mrs. Langdon on the application for the policy designated herself as the owner of the vehicle and Patricia as a driver.

■ In our opinion, the facts relied upon by both parties, each set of which is capable of sustaining a determination by a trier of fact that Mrs. Langdon did or did not intend to make a gift of the vehicle to her daughter, gives rise to the classic dispute as to a material issue of fact which is not subject to resolution by summary judgment. Since appellees do not dispute that Mrs. Langdon's intent, if it was to make a gift, is not material, this matter must be reversed and remanded for a trial on this issue.

Empire has also raised the issue that the trial court's judgment changed the terms of Empire's policy from indemnity, that is, liability to reimburse the insured for monies expended by her, to a straight liability policy, that is, obligation to pay damages for the accident without prior expenditure by Mrs. Langdon. Empire contends that while coverage under the policy was in issue, the type of policy, that is, indemnity or liability, was simply not tried. Appellees counter by arguing that Empire is estopped to make this argument because its complaint described the policy as providing "bodily injury liability" and that in any event this alleged error was waived by not raising it first in the trial court.

■ Since we have reversed the trial court's judgment in this matter, we do not need to reach this issue. However, the trial court on remand should allow liberal amendments to the pleadings to place the type of insurance in issue, so as to avoid multiplicity of litigation.

It is therefore ordered that the judgment of the trial court is reversed and the matter remanded for a trial on the issue of Mrs. Langdon's intent to make a gift of the 1966 Mustang to her daughter on April 18, 1970, and for a determination as to the type of policy involved, if the parties place this in issue.

SCHROEDER and WREN, JJ., concur.

---

2. Empire also argues that a fact question was presented as to whether, assuming ownership was in Mrs. Langdon, she gave implied permission to Nichols to use the 1966 Mustang. We find no basis for a factual dispute on this issue, finding implied permission was granted. See, *Hille v. Safeco Ins. Co.*, 25 Ariz.App. 353, 543 P.2d 474 (1975).