No. 83-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

BILL ATKIN VOLKSWAGEN, INC.,

        Plaintiff and Appellant,

   -vs-

WILLIAM McCLAFFERTY,

        Defendant and Respondent.

------------------------------------------

WILLIAM McCLAFFERTY,

        Third Party Plaintiff and Respondent,

   -vs-

UNIVERSAL UNDERWRITERS INSURANCE CO.,

        Third Party Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

           Anderson, Brown, Gerbase, Cebull & Jones; Rockwood
Brown argued, Billings, Montana

       For Respondents:

           Keller, Reynolds, Drake, Sternhagen & Johnson;
P. Keith Keller argued, Helena, Montana

Submitted: June 19, 1984

Decided: October 29, 1984

Filed: OCT 1984

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the judgment of the Silver Bow County District Court in an action to determine insurance coverage between Universal Underwriters Insurance Company (Universal), insurer of Bill Atkin Volkswagen, Inc. (Atkin VW), and Safeco Insurance Company (Safeco), insurer of William McClafferty (McClafferty). The District Court entered judgment in Safeco's favor and Universal appeals. We affirm in part, reverse in part, and remand the cause for further proceedings.

The issues are:

1. Does section 61-6-301(1), MCA require that an automobile dealer maintain a liability insurance policy extending coverage to a customer using a "loaner" vehicle with the dealer's permission?

2. Which liability insurance policy provides coverage where the vehicle owner's policy coverage is excess for any person who becomes an insured as required by law, as does McClafferty under the Universal policy, and the operator's policy coverage with respect to a temporary substitute automobile is excess over any other valid and collectible insurance?

3. Is Home Insurance Company v. Pinski Bros., Inc. (1972), 160 Mont. 219, 500 P.2d 945, authority for awarding attorney's fees and court costs in a suit between two insurers?

McClafferty left his vehicle with Atkin VW, a Butte car dealership, for repair. While his car was being repaired, McClafferty drove a "loaner" vehicle owned by Atkin VW. On November 12, 1980 McClafferty drove the loaner vehicle into a parked car owned by Ogrin. McClafferty was admittedly at fault.

2

Ogrin sued McClafferty for damage to his automobile. McClafferty tendered defense of the suit to Universal, Atkin VW's insurer. Universal denied coverage. Safeco, McClafferty's insurer, undertook defense of the suit and settled Ogrin's claim.

Universal partially reimbursed Atkin VW for the damage to the loaner vehicle. Atkin VW, in its own and Universal's behalf, sued McClafferty to recover for the damage to the loaner vehicle. McClafferty in turn sued Universal as a third party defendant, claiming to be insured under the Universal policy. On behalf of Safeco, McClafferty sought recovery the amount paid by Safeco to settle Ogrin's claim and sought recovery of attorney's fees and costs.

Because the only issues in the case were questions of law regarding insurance coverage, the parties executed an agreed statement of facts, contentions and issues and submitted the matter to the District Court for decision on briefs and oral argument. The court entered findings, conclusions and judgment in favor of McClafferty (Safeco) and against Atkin VW and Universal. Universal appeals.

I

Does section 61-6-301(1), MCA require that an automobile dealer maintain a liability insurance policy extending coverage to a customer using a "loaner" vehicle with the dealer's permission?

The liability policy issued by Universal to Atkin VW extends coverage to the named insured, Atkin VW, its corporate family, and to "[a]ny other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission" (emphasis added). Whether McClafferty was covered under the Universal policy therefore depends upon whether Montana law

3

requires Atkin VW to provide liability insurance covering customers such as McClafferty while using loaner vehicles with permission. The District Court concluded that section 61-6-301, MCA requires auto dealers to provide liability coverage for permissive users and that McClafferty was therefore an insured under the Universal policy.

Section 61-6-301(1), MCA provides:

"Every owner of a motor vehicle which is registered and operated in Montana by the owner or with his permission shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property suffered by any person caused by maintenance or use of a motor vehicle . . ."

Universal argues that this section does not require Atkin VW to insure all permissive users. It argues that except for constitutional, statutory or public policy limitations, parties to an insurance contract are free to bargain for and agree to whatever terms and coverage they desire. Here, it contends, the parties limited coverage of permissive users to only those cases where the law requires coverage. They contend that section 61-6-304, MCA requires operators of motor vehicles to maintain liability coverage and that McClafferty did so through his Safeco policy. Universal contends that both Atkin VW and McClafferty complied with these respective mandatory liability provisions by maintaining coverage for themselves. Viewed in this light, Universal argues that section 61-6-301, MCA requires that the vehicle owner insure only itself against liability. Because the statute does not require coverage of McClafferty, it contends, the policy excludes McClafferty from coverage. We disagree.

Section 61-6-301(1), MCA requires every owner of a motor vehicle registered and operated in Montana by the owner or with his permission to provide insurance for liability caused

4

by maintenance or use of the motor vehicle. Section 61-6-303, MCA provides a list of vehicles exempt from the mandatory liability insurance law. Eight classifications of vehicles are specifically excluded from the liability insurance requirement. There is no exclusion for vehicles owned or used by automobile dealerships. Because the Legislature did not exclude dealers from the mandatory liability insurance requirement, dealers are included in the general statutory language "every owner of a motor vehicle."

Section 61-6-301, MCA clearly applies to Atkin VW. This section requires coverage where the vehicle is "operated in Montana by the owner or with his permission." The statute makes no exception where an operator is covered under a separate liability insurance policy. In fact, without deciding the question, it appears section 61-6-304, MCA is complied with if an operator is covered under the vehicle owner's policy, even if the operator maintains no policy of his own. In any event, the fact that an operator maintains his own policy does not exempt an owner from the statutory requirement of insuring against liability from permissive use of its vehicles.

Universal also appears to argue that section 61-6-301(1), MCA requires liability coverage only as a prerequisite to registration of a motor vehicle, that automobile dealers do not "register" inventory vehicles, and the statute therefore does not require liability coverage for permissive users. If this position were correct, however, section 61-6-301 would not even require auto dealers to insure against liability resulting from their own use of such vehicles. Universal concedes, however, that the statute requires that Atkin VW insure itself. If the statute

5

requires the dealer to insure itself, clearly it also requires that permissive users be insured.

We hold that section 61-6-301(1), MCA requires that an automobile dealer maintain a liability insurance policy extending coverage to a customer using a "loaner" vehicle with the dealer's permission. The District Court correctly concluded that McClafferty was an insured under the Universal policy.

Universal argues that the District Court erred in also finding coverage under the Universal policy on grounds that the loaner vehicle was "leased or rented" to McClafferty and that coverage extends to vehicles leased or rented to a customer for a term of two months or less as a temporary replacement of the customer's auto. Universal argues that a vehicle that is loaned "gratis" is not considered leased or rented within the meaning of an insurance policy, citing Mountain States Casualty Company v. American Casualty Company (1959), 135 Mont. 475, 342 P.2d 748. Because we have concluded that McClafferty is covered under a separate provision of the Universal policy, we need not address this issue.

II

Which liability insurance policy provides coverage where the vehicle owner's policy coverage is excess for any person who becomes an insured as required by law, as does McClafferty under the Universal policy, and the operator's policy coverage with respect to a temporary substitute automobile is excess over any other valid and collectible insurance?

Each party argues here that its policy coverage is excess and that the opposing party's policy coverage is primary. Thus, each party argues that the other party should

6

bear the entire loss in this case. Both parties base their argument on Mountain States Casualty Company v. American Casualty Company (1959), 135 Mont. 475, 342 P.2d 748. The District Court concluded that Mountain States was controlling and that it required a finding that Universal's coverage was primary and Safeco's coverage excess. A careful analysis of Mountain States is required.

In Mountain States, an accident occurred involving a truck owned by McBee, who was insured by Mountain States. The Mountain States policy defined the named insured as including "any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured [McBee] or with his permission." 135 Mont. at 481, 342 P.2d at 751. The truck in question was covered by this policy and had been loaned to Hilands Golf Club. Autos rented to others by the insured were excluded from coverage, but the trial court specifically found, and this Court affirmed, that the truck was loaned and not rented. 135 Mont. at 480-81, 342 P.2d at 750-51. Because the truck was used with McBee's permission, or loaned, Mountain State's coverage, as defined in the policy, was primary. 135 Mont. at 478-79, 342 P.2d at 750. The policy's "other insurance" clause provided that when Mountain States was not the primary insurer, coverage would be pro rata with other valid and collectible insurance. 135 Mont. at 481, 342 P.2d at 751.

The accident occurred while the truck was being driven by a Hilands employee. Hilands was insured under a policy issued by American Casualty Company. The provisions of that policy were essentially similar to the Mountain States policy, except that the "other insurance" clause in the

7

American policy limited coverage on non-owned and non-hired vehicles to excess insurance. 135 Mont. at 481, 342 P.2d at 751.

This Court applied the rule that where a vehicle owner has a policy with an omnibus clause and the additional insured has a non-ownership policy, which provides that it constitutes excess coverage over and above any other valid collectible insurance, the owner's insurer has the primary liability. 135 Mont. at 482, 342 P.2d at 751, quoting 8 Appleman on Insurance §4914. This Court reversed the trial court's pro rata apportionment of liability between Mountain States and American, holding that excess coverage under the non-ownership clause in the American policy did not constitute other valid and collectible insurance within the meaning of the primary policy. This was because excess coverage is not valid and collectible insurance until primary coverage is exhausted. 135 Mont. at 482-83, 342 P.2d at 752.

We conclude that the facts of this case are distinguishable from those of Mountain States. The Mountain States policy did not provide that coverage of permissive users was excess coverage only. This Court specifically found that coverage of permissive use under the Mountain States policy was primary. This conclusion was not, as McClafferty contends, based upon vehicle ownership, but upon the terms of the policy itself. Here, both policies provide only excess coverage with respect to the occurrence involved. The vehicle owner's policy, issued by Universal, contains a clause in effect extending coverage to permissive users. In contrast to the Mountain States policy, the Universal policy expressly provides that this coverage is excess. For this reason, the District Court erred in concluding that Universal

stood in the same position as the primary insurer in <u>Mountain States</u>.

The position taken by Universal, that Safeco is in the same position as the primary insurer in <u>Mountain States</u>, is also erroneous. The Safeco policy provides that "the insurance hereunder with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance." Universal contends that the Safeco policy is primary unless there is other valid and collectible insurance, that coverage under the Universal policy is not "collectible insurance" because it is excess only, and that Safeco's coverage is therefore primary. Universal relies upon <u>Mountain States</u>, wherein this Court stated:

> "'It should be noted that under this rule, the courts give no application to the other insurance clause in the primary policy which provides that if the additional insured has other valid and collectible insurance, he shall not be covered by the primary policy. That is because the insurance under the excess coverage policy is not regarded as other collectible insurance, as it is not available to the insured until the primary policy has been exhausted. Or, to put it another way, <u>a non-ownership clause with an excess coverage provision, does not constitute other valid and collectible insurance, within the meaning of a primary policy with an omnibus clause</u>.' Emphasis supplied." 135 Mont. at 482-83, 342 P.2d at 752, quoting 8 Appleman on Insurance §4914 (bracketed material omitted).

Universal would be correct and this language from <u>Mountain States</u> would apply if we were comparing primary coverage with excess coverage, as we did in <u>Mountain States</u>. However, for our purposes here, we can find no distinction between the phrases "excess" in the Universal policy and "excess insurance over any other valid and collectible insurance" in the Safeco policy. The same effect was obviously intended by each. We conclude that the Safeco coverage is also excess as to the liability here in question.

We conclude that both policies provide only excess insurance coverage with respect to the liability here in question. If literal effect were given to both excess insurance clauses, neither policy would cover the loss and the result would be an unintended absurdity. See 16 Couch On Insurance 2d §62:79; 8A Appleman On Insurance §4909.

Where two or more policies provide only excess coverage for a particular event, it is generally held that the excess insurance clauses are mutually repugnant and must be disregarded, rendering each insurer liable for a pro rata share of the judgment or settlement. 16 Couch On Insurance 2d §62:79; 8A Appleman on Insurance §4909; 44 Am.Jur.2d Insurance §1791. The pro rata liability of the different insurers is calculated on the basis of the ratio each applicable policy limit bears to the total of applicable policy limits. 8A Appleman on Insurance §4908.

This Court has required proration of coverage between insurers in an analogous situation. In Truck Insurance Exchange v. Transport Indemnity Co. (1979), 180 Mont. 419, 591 P.2d 188, this Court found that both of two policies in question covered an accident and that both policies obligated the insurers to provide primary coverage. 180 Mont. at 430-32, 591 P.2d at 194-95. Each insurer argued that primary liability should be placed on the other insurer. This Court concluded that coverage should be prorated between the insurers in accordance with the limits of liability applicable in each policy. 180 Mont. at 432, 591 P.2d at 195.

Counsel for McClafferty contends that this case requires a policy decision placing primary liability on the vehicle owner. He contends that in the Mandatory Liability Protection Act, particularly section 61-6-301, MCA, the

10

Legislature in effect specified that the insurance coverage follows the car rather than the driver. Thus he contends that Universal should be deemed the primary insurer on these facts.

We do not agree. The fact that a policy is procured to satisfy the requirements of a financial responsibility or mandatory liability insurance law does not require such a policy to provide primary coverage. Between two insurers, an excess insurance clause will be given effect where other insurance exists to cover the loss. See 16 Couch On Insurance 2d §62:70; 8A Appleman On Insurance §4909.65. The excess insurance clause does not defeat the purpose of the mandatory liability law, because the policy provides coverage unless there is other adequate coverage. The loss is covered in either event. Moreover, the statutes simply do not specify that the vehicle owner's insurer is the primary insurer as a matter of law.

We hold that here, where both the vehicle owner's policy coverage and the operator's policy coverage are excess with respect to a particular event, each insurer is liable for a pro rata share of the loss. The pro rata share of each insurer is to be calculated on the basis of the ratio that the insurer's applicable policy limit bears to the total of all insurers' applicable policy limits. We reverse the District Court's conclusion that Universal's coverage is primary and that Universal must bear the entire loss in this case.

### III

Is Home Insurance Company v. Pinski Bros., Inc. (1972), 160 Mont. 219, 500 P.2d 945, authority for awarding attorney's fees and court costs in a suit between two insurers?

11

The District Court relied upon Home Insurance for an award of attorney's fees and court costs to Safeco in this case. Universal argues Home Insurance does not support such an award. We agree.

Home Insurance involved a suit by Home Insurance Company against its own named insured for liability covered by the insurance policy. 160 Mont. at 221-22, 500 P.2d at 946-47. This is essentially a suit between two insurance companies to determine which of two applicable overlapping policies provides coverage. This case does not involve a wrongful attempt by an insurance company to bring an action which violates basic equitable principles or sound public policy, as was true in Home Insurance and which provided the basis of an award of damages by way of attorney's fees, court costs and expenses against the insurance company. 160 Mont. at 225-28, 500 P.2d at 949-50. Moreover, Home Insurance was a suit by the insurer against its own named insured, the policy holder, whereas McClafferty's coverage under the Universal policy arises by operation of law. McClafferty is not a Universal policy holder and is not a named insured under the Universal policy.

We hold that Home Insurance does not support an award of attorney's fees, court costs or expenses in this case. Respondent conceded at oral argument that there is no basis for such an award other than Home Insurance. We reverse the District Court's award of attorney's fees and court costs.

The judgment of the District Court is vacated and the cause is remanded for further proceedings consistent with this opinion.

Justice

12

We concur:

_Frank J. Haswell_
Chief Justice

_John Conway Harrison_

_A. C. Gulbrandson_

_John C. Sheehy_

Justices

13

I concur and dissent as follows.

I concur with the resolution of issue one. I dissent from the resolution of issue two. The owner's policy is primary. Mountain States Casualty Co. v. American Casualty Co. (1959), 135 Mont. 475, 342 P.2d 748.

Section 61-6-301(1), MCA places the primary responsibility for insurance upon the owner. The majority seeks to avoid relevant application of the statute by saying the statute does not specifically refer to excess clauses. That argument misses the point. The statute does show that there is a public policy in Montana, reflected by this legislation, which makes the owner of a vehicle primarily responsible for insurance. Therefore, when two policies have excess clauses, the proper way to resolve the conflict is to make the owner's policy primary and the other policy excess.

The important thing in the resolution of these controversies is to have a clear and consistent rule. The majority's resolution of issue two will make it necessary to have an ad hoc determination depending upon policy language. A far simpler approach is to make the owner's policy primary and the other policy excess.

This seems to me to be a case where the majority, in seeking to do equity in this case, has created bad legal precedent. The guidelines are confusing and more litigation will result.

Justice

14

Justice Daniel J. Shea dissenting:

I join in the dissent of Justice Morrison. I think this Court is making a basic policy mistake in not holding that the owner has primary responsibility for insurance. The purpose of section 61-6-301(1), MCA, is better served by placing primary coverage on the owner. Isn't that what mandatory insurance is all about?

_____
Justice