**GUARANTY NATIONAL INSURANCE COMPANY, Plaintiff,**

v.

**KEMPER FINANCIAL SERVICES, John Hanna Robison, Lola Anderson, Barbara Anderson, and Eric Smith, Defendants.**

**No. CV–86–113–GF.**

United States District Court, D. Montana, Great Falls Division.

Aug. 25, 1987.

Paul C. Meismer, Garlington, Lohn & Robison, Missoula, Mont., for plaintiff.

Dennis Conner, Great Falls, Mont., for Lola Anderson and Barbara Anderson.

Edward Borer, Cure, Borer & Davis, Great Falls, Mont., for Kemper Financial Services.

**MEMORANDUM OPINION AND ORDER**

HATFIELD, District Judge.

FACTUAL BACKGROUND

On July 19, 1985, John Robison, Jr., rented a car from Dollar Rent-A-Car of Great

Falls, Montana ("Rent-A-Car"). While operating the rental car, Robison was involved in a collision that apparently resulted in injuries to certain third persons. At the time of the accident, Robison was acting within the course and scope of his employment with Kemper Financial Services ("Kemper"). Robison and Kemper have been named defendants in a lawsuit for personal injuries initiated by the third parties involved in the collision.

The plaintiff, Guaranty National Insurance Company ("Guaranty") is the insurer on a "business auto" policy of insurance issued to Rent-A-Car covering that entity's rental cars, including the car rented by Robison. Guaranty is also the insurer for certain liability insurance coverage provided those individuals renting cars from Rent-A-Car. The individual liability insurance was provided as part of the rental agreement executed between Robison and Rent-A-Car.

Guaranty instituted the present declaratory judgment action under authority of 28 U.S.C. §§ 2201–2202, seeking a declaration that the maximum limit of liability coverage available to Robison and his employer, Kemper, is that provided by the terms of the subject rental agreement; an amount equal to twenty-five thousand dollars ($25,-000.00). Guaranty took this action in response to the assertion by Robison and Kemper that the coverage provided by the business policy issued by Guaranty to Rent-A-Car, coverage with a limit of One Million Dollars ($1,000,000.00), should be available to them.

The matter is presently before the court on motion of Guaranty requesting the court to enter partial summary judgment in that entity's favor and against Robison and Kemper, determining that the maximum limit of liability coverage available to Robison and Kemper is Twenty-five Thousand Dollars ($25,000.00); the amount provided by the terms of the rental agreement.

Robison and Kemper oppose Guaranty's motion by arguing that Guaranty should be prohibited as a matter of law from writing an insurance contract which does not provide coverage to lessees which is co-extensive with the policy limits available to the named insured. In the alternative, Robison and Kemper suggest the policy provisions pertaining to liability limits are ambiguous; a fact which necessitates resolution of that ambiguity in favor of Robison and Kemper and in a manner consistent with the highest possible protection of the public.

ANALYSIS

The rental agreement executed between Robison and Rent-A-Car contains two provisions of pertinence to the issues before the court. The first provision provides in part:

> The lessor identified on page two hereof (hereinafter "DOLLAR") hereby rents to CUSTOMER named on page two, the motor vehicle described on page two, subject to all terms and provisions on both sides of this rental agreement. The term "CUSTOMER" shall include the person designated on page two of this agreement as "CUSTOMER", any driver of the rental vehicle, as well as the employers, employees, and principals whom they represent.

The second provision of concern relating to insurance coverage provides in part:

> Rent-A-Car agrees to provide a primary automobile liability insurance policy, or SELF–INSURE if they desire, for the benefit of CUSTOMER, with limits of coverage equal to the statutory requirement in said jurisdiction....

The parties agree that the "business auto" policy extant between Guaranty and Rent-A-Car, and the rental agreement extant between Robison and Rent-A-Car, must be read together in determining the rights and liabilities among the parties to the agreements. In fact, the business auto policy refers specifically to the rental agreement for provision of certain terms of the policy; a fact which requires the agreements to be construed together. *See, e.g., Boudreaux v. ABC Insurance Company,* 689 F.2d 1256 (5th Cir.1982).

The minimum liability coverage requirements in Montana are established by the Motor Vehicle Safety-Responsibility Act, codified at sections 61–6–101 *et seq.*, Mon-

tana Code Annotated ("M.C.A.") (1985). Section 61–6–103(2)(b) sets forth the minimum liability limits allowed by law:

   (i) $25,000 because of bodily injury to or death of any one person in any one accident and subject to said limit for one person;

   (ii) $50,000 because of bodily injury to or death of two or more persons in any one accident;

   (iii) $5,000 because of injury to or destruction of property of others in any one accident.

■ The first issue presented for determination is whether, as a matter of public policy, the State of Montana would permit a policy of insurance to provide lower liability limits for the lessee of a motor vehicle than the limits provided by that same policy for the owner of that vehicle, *i.e.*, the named insured. Having considered the merits of the arguments advanced by the parties, the court is unpersuaded that Montana law dictates that a policy of insurance be declared void simply because it provides a different level of coverage for an omnibus insured than the named insured.[1]

Section 61–6–301, M.C.A. (1985), requires every registered vehicle to be covered by liability insurance for damage to any person caused by either the vehicle's owner or a permissive user. *See, Farmers Insurance Exchange v. Janzer,* —— Mont. ——, 697 P.2d 460, 465, 42 St.Rptr. 337, 345 (1985); *Bill Atkin Volkswagen, Inc. v. McClafferty,* —— Mont. ——, 689 P.2d 1237, 1239, 41 St.Rptr. 1981, 1983 (1984).

In *Bill Atkin Volkswagen, Inc., supra,* 689 P.2d 1237, 41 St.Rptr. 1981, an insurance company asserted section 61–6–301(1) did not require insurance coverage for all permissive users of automobiles. Instead, it argued that except for constitutional, statutory or public policy limitations, parties to an insurance contract were free to bargain for and agree to whatever terms and coverage they desired. The insurance company alleged its insured had expressly limited coverage for permissive users to those instances where the law required coverage. Accordingly, it argued section 61–6–301 only required a vehicle owner to insure itself against liability and, therefore, the permissive user was excluded from coverage.

The Montana Supreme Court, however, disagreed, interpreting section 61–6–301(1) to require every owner of a motor vehicle registered and operated in Montana by the owner or with his permission to provide insurance for liability caused by maintenance or use of the motor vehicle. *Bill Atkin Volkswagen, Inc., supra,* 689 P.2d at 1239, 41 St.Rptr. at 1983.

In the action *sub judice,* Robison and Kemper seek to extrapolate the *Atkin* rationale to support the proposition that an insurance agreement must provide permissive users of a particular vehicle the same coverage as afforded the named insured under the agreement. Robison and Kemper, however, fail to present a cogent argument, based upon recognized precedent, which suggests that the owner of a vehicle should be precluded from insuring itself against liability at a higher limit than the limit it provides for a permissive user, such as a rentee. Rather, talismanically invoking those decisions of the Montana Supreme Court which have construed automobile insurance policies in favor of the insured, *see e.g., Fitzgerald v. Aetna Insurance Company,* 176 Mont. 186, 577 P.2d 370 (1978), Robison and Kemper submit that an insurance agreement which provides a higher limit of coverage for the named insured than an omnibus insured offends public policy.

There is no authoritative ruling extant in the decisional law of the Montana Supreme Court with respect to the issue *sub judice.* In the absence of such a ruling, this court has a duty to use its best judgment to predict how the Montana Supreme Court would rule when confronted with the same

---

**1.** The court's conclusion takes into consideration the fact that the liability limits of the sub-ject policy satisfy the statutorily imposed minimums. *See,* § 61–6–103(2)(b) M.C.A.

issue. *See, Fiorito Bros. Inc. v. Fruehauf Corp.*, 747 F.2d 1309 (9th Cir.1984); *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir.1981), *cert. denied*, 454 U.S. 858, 102 S.Ct. 310, 70 L.Ed.2d 154 (1981). Having assessed the merits of the proposition advanced by Robison and Kemper in light of the pertinent Montana law, it is the considered judgment of this court that nothing in the Motor Vehicle Safety-Responsibility Act, or in the public policy of the State of Montana, prohibits an insurance agreement from affording a named insured greater liability protection than an omnibus insured.

Section 61–6–103(2)(b), M.C.A. (1985), prescribes the minimum limits of liability which a motor vehicle owner's liability policy must provide. The Legislature has set those limits at an amount which it obviously perceives as sufficient to satisfy the public interest. While it is clear that a liability policy cannot diminish the coverage which is mandated by the terms of section 61–6–103, nothing in the text of that statute suggests that the Legislature intended to preclude a named insured from insuring itself beyond those minimum requirements to the exclusion of omnibus insureds. In fact, the reverse is true.

The Motor Vehicle Safety-Responsibility Act provides at section 61–6–103(8), M.C.A. (1985):

> (8) Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this part. With respect to a policy which grants such excess or additional coverage the terms "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section.

This court views subsection (8) as expressly sanctioning coverage beyond the statutory minimum requirements for any particular insured under the policy. The existence of subsection (8) vitiates the contention that the public policy of Montana requires the purchase of co-extensive coverage for lessees (or other operators) and their lessors, or which would prohibit an owner from insuring itself in excess of the statutorily imposed minimum of liability coverage. The Motor Vehicle Safety-Responsibility Act was designed to protect the public from uncompensated losses arising from the operation of a motor vehicle. The public concern is satisfied where the motor vehicle owner provides liability coverage to the extent required by the Act. *See, Insurance Company of North America v. Avis Rent-A-Car System, Inc.*, 348 So.2d 1149 (Fla.1977); *Cailson v. Nationwide Insurance Company*, 36 N.C.App. 173, 243 S.E.2d 429 (1977); *Balboa Insurance Company v. State Farm Mutual Automobile Insurance Company*, 17 Ariz.App. 157, 496 P.2d 147 (1972); *but see, Smith v. National Indemnity Company*, 57 Wis.2d 706, 205 N.W.2d 365 (1973).

Because the purchase of coverage in excess of the liability limits provided by the Motor Vehicle Safety-Responsibility Act is a matter of volition, the extent of those limits is controlled by the terms of the insurance contract itself. Cognizant of this fact, the court now addresses the defendants' suggestion that the terms of the policy at issue, as they pertain to liability limits, are ambiguous. The court begins by reviewing certain pertinent principles of contract construction.

Absent an ambiguity, the language of a written contract governs its interpretation. Section 28–3–401, M.C.A. (1985); *Schell v. Peters*, 147 Mont. 21, 26, 410 P.2d 152, 155 (1966). Under Montana law, the interpretation of the language of a contract and whether an ambiguity exists is a question of law for the court to determine in the first instance. *Schell v. Peters, supra*, 147 Mont. at 27, 410 P.2d 152; *United States Fidelity and Guaranty Company v. Newman*, 656 F.2d 457, 459 (9th Cir.1981) (construing Montana law). In that regard, the Montana Supreme Court has emphasized

that "[a]mbiguity does not exist just because a claimant says so. It can only exist where the wording or phraseology of a contract is reasonably subject to two different interpretations." *Holmstrom v. Mutual Benefit Health and Accident Assoc.*, 139 Mont. 426, 428–429, 364 P.2d 1065, 1066 (1961).

In accordance with the foregoing principles, this court has stated that where the language of an insurance policy admits of only one meaning, there is no basis for interpretation of the policy under the guise of ambiguity. *Trans America Insurance Group v. Osborn*, 627 F.Supp. 1405, 1408 (D.Mont.1986) (*citing, Universal Underwriters Insurance Company v. State Farm Mutual Insurance Company*, 166 Mont. 128, 531 P.2d 668 (1975)).

■ Robison and Kemper assert the insurance provision of the rental agreement executed between Robison and Rent-A-Car is inherently ambiguous as it pertains to the amount of liability coverage. The purported flaw suggested by Robison and Kemper is the failure of the provision to state the precise amount of coverage.

As noted, that portion of the rental agreement relating to liability insurance coverage states that Rent-A-Car agrees to provide a primary automobile liability insurance policy with limits of coverage equal to the statutory requirements of Montana.

Characterizing the reference to "statutory requirements" as "inherently deceptive" and "unconscionable", Robison and Kemper suggest the failure to state a specific dollar amount creates an ambiguity which must be construed to provide the insured with maximum coverage under the policy, in this case the one-million dollar

limit provided the named insured under the business auto policy. The court, however, is unpersuaded by the *ad hominem* argument advanced by Robison and Kemper in their effort to create an ambiguity in the rental agreement. The language of the agreement is clear and unambiguous. By the terms of the rental agreement, Rent-A-Car agreed *inter alia* to provide Robison, as rentee, with liability coverage in the amount of the minimum established by the financial responsibility act of the pertinent jurisdiction, in this case section 61–6–103(2)(b), M.C.A. (1985).

The fact Robison may have been unaware of the precise dollar amount of the minimum requirement mandated by statute is of no consequence in determining whether the agreement is ambiguous and, accordingly, the liability of Guaranty under the agreement. The liability of Guaranty under the subject agreement is limited, by the express terms of that agreement, to the 25,000/50,000 minimum requirements imposed by section 61–6–103(2)(b).[2]

For the reasons set forth herein,

IT IS HEREBY ORDERED that the motion for partial summary judgment of the plaintiff be, and the same hereby is, GRANTED.

---

**2.** Robison and Kemper attempt to predicate the existence of an ambiguity upon the fact that some of the endorsements upon the business auto policy covering certain rental vehicles specifically stated the limit of a rentee's coverage as $25,000/$50,000, whereas the endorsement upon the Robison vehicle stated no limit. The court finds the position of Robison and Kemper on this point to be meritless in view of paragraph "E" of the liability section of the policy which provides:

The limit of our liability for the insurance provided by this endorsement for the rentee, is the minimum limit required by any applicable compulsory or financial responsibility law and shall not exceed any applicable compulsory or financial responsibility law, *unless endorsed hereon.* (emphasis supplied).