PHYLLIS ROONEY, Plaintiff and Appellant, *v.* AGRICULTURAL INSURANCE COMPANY, a Stock Inshrance Co., Defendant and Respondent.

No. 11785.

Submitted Sept. 16, 1970.

Decided Nov. 12, 1970.

476 P2d 783.

Bretz & Gabriel, Ernest F. Gianotti argued, Great Falls, for plaintiff and appellant.

Jardine, Stephenson, Blewett & Weaver, John D. Stephenson, Jr., argued, Great Falls, for defendant and respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

An appeal by plaintiff Phyllis Rooney from an order of the district court of the Eighth Judicial District, Cascade County, Hon. Truman Bradford, judge presiding, dismissing plaintiff's complaint in an action to recover the liability limits of an insurance policy issued by the defendant Agricultural Insurance Company, to one Ernestine Morrison. Plaintiff's action is based on a default judgment obtained against Ernestine Morrison on May 3, 1966 in the amount of $82,671.93.

Early in 1962 Ernestine Morrison, the mother of Carl and Ronald Morrison, obtained a $5,000/$10,000 insurance policy from Agricultural Insurance Company covering personal injuries resulting from an accident in the operation of her automobile. The policy covered all persons who drove the automobile with her permission except Ronald and Carl. The specific exclusion clause is as follows:

"EXCLUSION OF NAMED DRIVER

"This endorsement effective Feb. 19, 1962 (12:01 A.M., standard time), forms a part of policy No. AS 941860 issued to Ernestine Morrison by Agricultural Insurance Company.

"It is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by Ronald Morrison or Carl Morrison, sons of the named insured.

"Accepted /s/ Ernestine Morrison

Named Insured and/or Spouse

"REAVLEY AGENCY

"/s/ Ray Reavley
Authorized Representative"

On June 10, 1962, several months after the policy went into effect, Ronald Morrison was involved in a head-on collision with plaintiff, injuring plaintiff and her family. On October 29, 1963 plaintiff commenced an action against Ernestine and Donald Morrison to recover $112,500 damages for personal injuries resulting from the collision.

Defendant insurance company refused to defend the suit against Ernestine Morrison on the grounds that the "exclusion" of Ronald Morrison gave "no coverage". After default by the Morrisons, the Hon. Paul G. Hatfield, district judge, heard evidence and on May 3, 1966 entered judgment against Ernestine Morrison in the amount of $82,671.93. Plaintiff then filed the instant action against defendant insurance company on June 24, 1969, seeking to recover the liability limits of the policy issued by it to Ernestine Morrison. Defendant filed a motion to dimiss the complaint on July 28, 1969 and the motion was granted by the trial court on October 2, 1969.

While appellant sets forth three issues for review, the controlling issue is whether or not the exclusion clause heretofore quoted is controlling.

We find that it is for here the contract of insurance is clear and unambiguous. Where the language of the contract is clear and unmistakable, the rule that an insurance policy is to be construed liberally in favor of the insured and against the insurer, is not applicable. Here the language of the exclusion clause cannot be misunderstood for it explicitly excludes coverage when the automobile is driven by either Ronald or Carl Morrison. For holdings by other jurisdictions that have considered this clause see: Nelson v. Southern Guaranty Ins. Co., 221 Ga. 804, 147 S.E.2d 424 (1966); Meyer v. Aetna Casualty Ins. Co., 46 Ill.App.2d 184, 196 N.E.2d 707 (1964); Western Alliance Ins. Co. v. Albarez (Texas Civ.App.1964), 380 S.W.2d 710; 7 Appleman Ins. L. & P., 1970 Pocket Part, § 4408.35, p. 288.

In a recent Oregon case, Schaffer v. Mill Owners Mutual Insurance Co., 242 Or. 150, 407 P.2d 614 (1965), the Oregon Supreme Court upheld an exclusion clause which provided that the policy did not apply to claims arising from accidents which occurred while the automobile was operated by any "male operator under 25 years of age".

The order of the district court dismissing the complaint is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, CASTLES and DALY concur.