No. 87317

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

IOWA MUTUAL INSURANCE COMPANY,

      Plaintiff,

  -vs-

JEFFREY DAVIS and CURTIS BECK,

      Defendants.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Plaintiff:

        James E. Aiken and Steven T. Potts argued, Jardine,
        Stephenson, Blewett and Weaver, P.C., Great Falls,
        Montana

    For Defendants:

        Gary M. Zadick argued, Ugrin, Alexander, Zadick and
        Slovak, Great Falls, Montana
        Erik B. Thueson argued, Helena, Montana

    For Amicus Curiae:

        William Conklin, (For State Farm), Conklin, Nybo and
        LeVeque, P.C., Great Falls Montana

Submitted: January 7, 1988
Decided: March 18, 1988

Filed: MAR 1 8 1988

*Ethel M. Harrison*
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Iowa Mutual instituted a declaratory judgment action in United States District Court, Great Falls Division, to determine whether it is under any obligation to indemnify or defend Jeffery Davis (Davis) in a personal injury suit brought by Curtis Beck (Beck). Beck brought suit against Davis in the District Court of the Eighth Judicial District, Cascade County. The United States District Court certified the following question of law for review by this Court pursuant to Rule 44, M.R.App.P.:

> Do the provisions of Title 61, Chapter 6, Part 3, Montana Code Annotated, "Mandatory Liability Protection," prohibit exclusion of a named driver or drivers from coverage under a motor vehicle liability policy?

We answer the certified question in the affirmative.

The following facts are garnered from the parties' briefs. Beck was a passenger in an automobile driven by Davis and was injured when the vehicle left the road and crashed. The automobile was owned at the time by Jeffery Davis' parents, Donald and Betty Davis. The younger Davis was operating the automobile with his parents' permission.

Iowa Mutual insured the Davis' 1964 Oldsmobile involved in the accident. On several occasions during the 1970s, Donald and Betty Davis requested that Jeffery Davis be specifically excluded from insurance coverage during times that Jeffery resided away from home. Mr. and Mrs. Davis excluded Jeffery and their other children on these occasions ostensibly to reduce their insurance premiums. On February 1, 1980, the last of these exclusions, Iowa Mutual

2

endorsement form 1607(a), was executed by Mr. Davis. Iowa Mutual's endorsement form 1607(a) provided the following:

> It is agreed that all insurance and coverage under this policy shall be null and void with respect to any claims arising out of the operation, use, or occupancy of the automobile described in this policy, or out of the operation, use or occupancy of any other automobile to which the terms of this policy otherwise extends, by the following named person(s):
>
> Jeffery L. Davis (D.O.B. 12-03-59) & Alan Davis (D.O.B. 8-25-57) Sons of Insured.
>
> Provided, however, this endorsement shall not be effective if the automobile is operated by the named insured or the described automobile is operated by any person other than Jeffery or Alan and such operation of the described automobile is by and under the express permission of the named insured.

The Davis' never requested that Jeffery again be added to their auto insurance policy.

Subsequent insurance policies issued to cover the 1964 Oldsmobile included a "declaration" section which incorporated the 1980 form 1607(a) endorsement by reference. The 1980 endorsement was in effect in this manner at the time of the accident in which Beck was injured. Iowa Mutual contends that Jeffery Davis is excluded from his parents' insurance coverage and that it is under no obligation to indemnify or defend Jeffery Davis in the Montana District Court action.

The parties cross-motioned for summary judgment in the U.S. District Court. On February 2, 1987, the U.S. District Court, the Honorable Judge Paul G. Hatfield presiding, issued a memorandum and order in favor of defendants Davis and Beck.

3

Iowa Mutual then moved to vacate the U.S. District Court order and requested that the question be certified to this Court. The U.S. District Court vacated its February 2, 1987, order and certified the aforementioned question of law to this Court. This Court ordered simultaneous briefs from plaintiff Iowa Mutual and defendants Davis and Beck. State Farm Mutual Automobile Insurance Company filed an amicus brief in support of Iowa Mutual's position.

We note that each party attempts to rephrase the certified question to present other issues. Certain parties have also presented affidavits for the first time to this Court. The additional issues and facts are outside the scope of the certified question and will not, therefore, be addressed in this opinion. For future reference, arguments to this Court regarding questions of law certified under Rule 44, M.R.App.P., must be confined to the four corners of the question and facts as defined by the certifying court.

Iowa Mutual first contends that neither the express terms of § 61-6-301, MCA, nor the statute's legislative history prohibit exclusion of named persons in a motor vehicle liability insurance policy. Section 61-6-301(1) and (2), MCA, provide as follows:

> (1) Every owner of a motor vehicle which is registered and operated in Montana by the owner or with his permission shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property suffered by any person caused by maintenance or use of a motor vehicle, as defined in 61-1-102, in an amount not less than that required by 61-6-103, or a certificate of self-insurance issued in accordance with 61-6-143.

> (2) A motor vehicle owner who prefers to post an indemnity bond with the department in lieu of obtaining a policy

4

of liability insurance may do so. The bond shall guarantee that any loss resulting from liability imposed by law for bodily injury, death, or damage to property suffered by any person caused by accident and arising out of the operation, maintenance, and use of the motor vehicle sought to be registered shall be paid within 30 days after final judgment is entered establishing such liability. The indemnity bond shall guarantee payment in the amount provided for insurance under subsection (1).

Iowa Mutual argues that the above statute does not dictate the terms of a particular insurance policy, but merely requires motor vehicle owners to insure their vehicles. According to Iowa Mutual, named driver exclusions are valid because the mandatory liability protection laws do not expressly prohibit such exclusions.

This Court rejected a similar argument in Bill Atkin Volkswagen, Inc. v. McClafferty (Mont. 1984), 689 P.2d 1237, 41 St.Rep. 1981. In Bill Atkin, McClafferty was involved in an automobile accident while he drove a "loaner" vehicle owned by an automobile dealership. The dealership sued McClafferty for damages to the "loaner" vehicle. The dealership's insurance carrier refused to defend McClafferty so McClafferty sued the insurance carrier as a third-party defendant. The district court ruled in McClafferty's favor and the dealership and its insurance carrier appealed.

The first issue on appeal in Bill Atkin was whether "section 61-6-301(1), MCA, require[s] that an automobile dealer maintain a liability policy extending coverage to a customer using a 'loaner' vehicle with the dealer's permission?" Bill Atkin, 689 P.2d at 1238-1239 (additions ours). The appellant insurance company argued that McClafferty was excluded from coverage under the dealership's

5

insurance because § 61-6-301, MCA, did not specifically require that coverage be extended under the circumstances. Bill Atkin, 689 P.2d at 1239. We disagreed with the appellant's argument and reasoned that there were no exceptions, other than those listed in § 61-6-303, MCA, to the statutory requirement that "every owner of a motor vehicle registered and operated in Montana by the owner or with his permission [is] to provide insurance for liability caused by maintenance or use of the motor vehicle." Bill Atkin, at 1239, 1240 (citing § 61-6-301(1), MCA). Similarly, the absence of a specific statutory prohibition on named driver exclusions in this case does not support Iowa Mutual's position.

Iowa Mutual and State Farm cite Rooney v. Agricultural Ins. Co. (1970), 156 Mont. 118, 476 P.2d 783, for the proposition that this Court has ruled that named driver exclusions are valid. Rooney, however, was decided more than eight years before the enactment of Montana's mandatory liability protection laws and is not persuasive.

To determine the validity of the named driver exclusion in this case, we must first consider the requirements of the mandatory liability insurance statutes and then compare those requirements with the terms of the insurance policy. Bain v. Gleason (Mont. 1986), 726 P.2d 1153, 1155, 43 St.Rep. 1897, 1900. In Bain we recognized that "it is the public policy of [the State of Montana] . . . that every owner of a motor vehicle [licensed and] operated in Montana must procure a policy of insurance which continuously provides coverage up to the limits set forth in [§ 61-6-103, MCA]." Bain, 726 P.2d at 1156 (emphasis added; additions ours); see also, Transamerica Ins. Co. v. Royle (1983), 202 Mont. 173, 656 P.2d 820 ("household exclusions" in automobile policies are invalid because they conflict with the mandatory liability

insurance requirements of § 61-6-301(1), MCA). Insurance policy provisions which countermand or diminish the statutory requirements "nevertheless will be considered to provide the statutory requirements." Bain, at 1156. We will not depart from the public policy embodied in Montana's mandatory insurance protection laws.

Michigan's legislature has seen fit to allow named driver exclusions in insurance policies written in that state so long as the insured authorizes such an exclusion and the policy contains conspicuous notice of the exclusion. Mich. Comp. Laws § 500.3009(2) (1987). Prior to the enactment of Mich. Comp. Laws, § 500.3009(2), the courts of Michigan construed that state's motor vehicle responsibility laws to invalidate named driver exclusions. Allstate Insurance Co. v. Motor State Ins. Co. (Mich. Ct. App. 1971), 190 N.W.2d 352. The Michigan legislature enacted § 500.3009(2) in 1971 as a response to Allstate, supra. Detroit Auto. Inter-Ins. Exch. v. Commissioner of Ins. (Mich. Ct.App. 1979), 272 N.W.2d 689, 691; see generally, J. Braden, Statutory Coverage of Exclusions From and Limitations on Automobile Liability Coverage, 61 Mich.B.J. 554 (1982).

Amicus curiae, State Farm Mutual Automobile Insurance Company, asserts that policyholders and insurers cannot be denied the freedom to contract for named driver exclusions in order to control the cost of liability insurance. We disagree. It is clear that the mandatory liability insurance law seeks to protect members of the general public who are innocent victims of automobile accidents. Dullenty v. Rocky Mountain Fire & Cas. Co. (Idaho 1986), 721 P.2d 198, 202.

Montana's mandatory liability insurance laws were patterned after Idaho's compulsory liability insurance laws. Hearings on H.B. 708 Before the House Committee on Highways and Transportation, 1979 Legis. Sess., February 15, 1979,

7

page 2 (statement of Rep. Paul Pistoria); compare § 61-6-301, MCA, with Idaho Code § 49-233 (1987). The Idaho Supreme Court stated the following in _Dullenty_ with regard to that state's automobile insurance laws:

> We deem the legislative intent in the field of automobile insurance to be relatively clear. It is the public policy of this state that any owner or operator of a motor vehicle, within certain self-insured exceptions, purchase automobile liability insurance . . . While obviously such a scheme contemplates insurance against risk of such monetary loss on the part of the owner or operator of the insured vehicle, it carries out a further public policy of providing some protection to the general public who may be injured as a result of the operation of the named motor vehicle . . .

_Dullenty_, 721 P.2d at 202. As with Idaho's statute, § 61-6-301, MCA, was enacted for the benefit of the public and not for the benefit of the insured.

It is axiomatic that laws established for the benefit of the public cannot be contravened by private contract. Section 1-3-204, MCA. Iowa Mutual and Mr. Davis contracted to exclude Jeffery Davis from insurance coverage. Although not expressly prohibited, such a named driver exclusion is contrary to the express public policy of § 61-6-301(1), MCA, and is, therefore, invalid. Section 28-2-701(2), MCA.

Although the issue presented for our review is one of first impression in Montana, other jurisdictions have been confronted with similar issues. A case on point is Fields v. Western Preferred Cas. Co. (La. 1983), 437 So.2d 344. Fields appealed a lower court ruling that the person responsible for causing an auto accident was excluded from the vehicle

8

owner's (Munholland) insurance coverage. The issue presented to the Louisiana Second Circuit Court of Appeals was:

> whether the statutory omnibus coverage of [Louisiana's mandatory liability insurance laws] applies to negate or override the effect of the endorsement which says that no liability coverage shall be afforded while Munholland's insured vehicles are being driven by a particular employee.

Fields, 437 So.2d at 345. The Fields issue is remarkably similar to the certified question in this case.

The Louisiana court noted that the purpose of the compulsory liability insurance laws was to protect persons injured by the operation of motor vehicles and not to protect owners and operators of those vehicles. 437 So.2d at 346. Much like Montana's laws, Louisiana requires every registered motor vehicle to be covered by liability insurance, a liability bond, or a certification of self-insurance. La.Rev.Stat.Ann. §§ 32:861, 32:900 (1987). The Fields court applied these statutory provisions to hold that Louisiana's mandatory liability insurance laws require minimal coverage and "override or supersede a policy provision or endorsement excluding a named driver." Fields, 437 So.2d at 346-347. We find the reasoning in Fields to be persuasive in this case.

Iowa Mutual next asserts that the legislature could not have intended to prohibit motor vehicle liability insurers from excluding named drivers from coverage because § 61-6-143, MCA, allows self-insurers to only pay judgments against themselves. General principles of respondeat superior lead us to the conclusion that Iowa Mutual's argument in this regard is without merit.

Both Iowa Mutual and State Farm contend that invalidation of named driver exclusions will thwart public policy. The insurance companies argue that some families

will not be able to afford insurance if they are not able to exclude family members with poor driving records. The insurance companies go on to foretell that, because Montana families will continue to drive out of necessity, our ruling today will result in more uninsured vehicles on the state's highways.

We are convinced that the opposite is true. Our ruling today will eliminate yet another avenue through which the compensation of innocent automobile accident victims can be sidestepped. Our ruling does not, however, prohibit an insurer from entering into agreements with their insureds to limit coverage to the statutory minimum amounts as set forth in § 61-6-103, MCA. Other states have reached similar conclusions.

The Supreme Court of Utah invalidated a named driver exclusionary endorsement only to the extent that the endorsement excluded statutorily required minimum liability coverage in Allstate Ins. Co. v. U.S. Fidelity & Guaranty (Utah 1980), 619 P.2d 329. The Utah court held that the exclusion was enforceable as to any insurance coverage above minimum limits and noted the following:

> Our decision does not, however, read the named driver exclusionary endorsement out of the contract entirely. Rather, contracting parties are free to limit coverage in excess of the minimum required limits, and the exclusion found in the contract is valid in relation to any coverage exceeding the minimum amounts. Thus, a balance is struck between the necessity of securing minimum automobile liability coverage and the availability of lower premiums because of the exclusion of high insurance risks. This effectuates the express twofold purpose of the Utah No-Fault Insurance Act which is to require the payment of certain prescribed benefits in respect to

> motor vehicle accidents while stabilizing
> the rising costs of automobile accidents
> insurance.

Allstate, 619 P.2d at 333. The Oklahoma Supreme Court reached a similar conclusion in Young v. Mid-Continent Cas. Co. (Okla. 1987), 743 P.2d 1084. In holding that an exclusion was invalid, the Young court noted that the intent of Oklahoma's compulsory liability insurance statutes was not so broad as to "eliminate all possible bargaining regarding liability exclusions . . . " but that the intent did "require a minimum of protection to any party who is not a party to the contract." Young, 743 P.2d at 1088.

The enforcement of minimum statutory coverage is mandated by statute in Montana and is a minor burden on insureds when compared to increased protection of the general traveling public. Iowa Mutual's attempt to exclude Jeffery Davis from coverage is contrary to the mandatory liability coverage requirements of § 61-6-301, MCA, and is repugnant to this state's interest in protecting innocent victims of automobile accidents. The United States District Court is instructed that the provisions of Title 61, Chapter 6, Part 3, MCA, prohibit the exclusion of named drivers from statutory minimum coverage under a motor vehicle liability policy.

Question answered in the affirmative.

K. C. Gulbrandson,
_____
Justice

We concur:

J. A. Turnage
_____
Chief Justice

11

_John Conway Harrison_

_John C. Sheehy_

_Fred J. Weber_

_William E. Hunt_

_R. C. McDonough_

Justices