No. 89-562

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ALLSTATE INSURANCE COMPANY,
an Illinois Corporation,

Plaintiff and Appellant,

-vs-

WILLIAM R. HANKINSON, LUKE
HANKINSON, GERALD BAASCH,
and GWEN GRENFELL,

Defendants and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Susan P. Roy, Garlington, Lohn & Robinson, Missoula,
Montana

For Respondent:

Milton Datsopoulos and Darla J. Keck, Datsopoulos,
MacDonald & Lind, Missoula, Montana
Hugh Kidder, Attorney at Law, Missoula, Montana

Submitted:  May 15, 1990

Decided:  July 16, 1990

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Allstate Insurance Company appeals a decision in a declaratory action it filed to determine its duty to indemnify and defend Luke Hankinson for any claims arising out of an automobile accident in which Hankinson was at fault. The Fourth Judicial District Court, Missoula County, Montana, granted summary judgment in respondents' favor. We reverse and remand.

Issues:

1. Did the District Court err in concluding that Hankinson had the owner's permission by defining owner as any driver and by assuming facts not in the record?

2. Is the word "owner's" ambiguous?

3. Is Allstate entitled to summary judgment when the undisputed facts show that Cloninger controlled her son's use of the automobile and both the son and his friend, the driver at the time of the accident, knew that the driver did not have permission to drive the automobile?

On July 30, 1988, Luke Hankinson, a minor, was driving a car when an accident occurred injuring Gerald Baasch and Gwen Grenfell. The car belonged to Kathy Cloninger who had given her son, Brian Young, permission to use the vehicle. Despite Ms. Cloninger's express instructions that no one but Brian was to drive the car, Brian gave Luke Hankinson permission to drive the car. It is undisputed that Luke Hankinson knew that he did not have Kathy

2

Cloninger's permission to drive that vehicle.

Luke Hankinson was an insured on William Hankinson's, Luke's father, Allstate automobile owner's liability insurance policy. Respondents sought coverage under William Hankinson's Allstate policy, specifically under the non-owned automobile provision which provided the following coverage:

> A non-owned auto used by you or a resident relative with the owner's permission[.]

Allstate denied coverage because Luke Hankinson did not have Kathy Cloninger's permission to use the non-owned automobile.

Relying on two Montana cases, the District Court found that Brian Young was an owner of the non-owned automobile for insurance coverage purposes. Since Brian gave Luke permission to drive, Luke drove the non-owned automobile with the owner's permission triggering coverage under Luke's father's Allstate policy.

Did the District Court err in concluding that Hankinson had the owner's permission by defining owner as any driver and by assuming facts not in the record?

Upon review, we find that § 61-6-301, MCA (1989) (amended effective July 1, 1990), guides the proper resolution to this case. In pertinent part, § 61-6-301, MCA, provides:

> (1) Every owner of a motor vehicle which is registered and operated in Montana by the owner or with his permission shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property suffered by any person caused by maintenance or use of a motor vehicle, as defined in 61-

3

> 1-102, in an amount not less than that
> required by 61-6-103, or a certificate of
> self-insurance issued in accordance with 61-
> 6-143. (Emphasis added.)

The mandatory liability coverage statute compels a motor vehicle owner to provide continuous liability coverage for the use by the owner or with the owner's permission of any motor vehicle as defined in § 61-1-102, MCA. Kathy Cloninger's automobile falls within § 61-1-102's definition of a motor vehicle. Thus, under Montana's mandatory liability protection statutes, the only question regarding coverage under the Hankinson policy should be whether Luke's father gave him permission, either express or implied, to drive the Cloninger vehicle.

The problem in this case arises because the Hankinson policy's non-owned automobile coverage conflicts with the mandatory coverage required by § 61-6-301, MCA. Section 61-6-301, MCA, refers to § 61-6-103(2) which is the statute that draws in Hankinson's automobile owner's liability policy. The applicable section is § 61-6-103(2), MCA (1989) (amended effective July 1, 1990), which states:

> 2) Such owner's policy of liability insurance
> shall:
>
> (a) designate by explicit description or by
> appropriate reference all motor vehicles with
> respect to which coverage is thereby to be
> granted; and
>
> (b) insure the person named therein and any
> other person, as insured, using any such motor
> vehicle or motor vehicles with the express or
> implied permission of such named insured,
> against loss from the liability imposed by law
> for damages arising out of the ownership,

4

maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle . . .

The language "by appropriate reference" found in § 61-6-103(2)(a), MCA, refers to Hankinson's policy's non-owned vehicles provision which provides coverage for "[A] non-owned auto used by you or a resident relative with the owner's permission." In this case, the effect of the non-owned auto provision's qualifying language "with the owner's permission" is to provide less than the minimum mandatory coverage required by § 61-6-301, MCA.

Our prior decisions interpreting insurance policies in light of Montana's Mandatory Liability Protection Act establishes that when policy language excludes coverage otherwise statutorily mandated then that policy language is void as contrary to public policy. See, Horace Mann Ins. v. Hampton (1989), 235 Mont. 354, 767 P.2d 343; Iowa Mutual Ins. Co. v. Davis (1988), 231 Mont. 166, 752 P.2d 166. If Luke's father gave Luke permission to drive the non-owned vehicle, then § 61-6-301, MCA, mandates coverage. However, under Hankinson's policy terms even if Luke's father gave permission, coverage is cut short if the non-owned vehicle's owner did not give permission. Such an exclusion is contrary to public policy. Thus, we hold that Hankinson's policy's non-owned automobile provision's qualifying language "with the owner's permission" is void as contrary to the public policy established by Montana's Mandatory Liability Protection statutes.

5

In summary, the key issue for this case is whether Luke's father gave him permission to drive the non-owned vehicle. However, that has not yet been addressed by the District Court. Because of our holding on this issue, we need not address the other issues raised. We reverse the District Court's granting of summary judgment and remand for proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6

Justice Fred J. Weber dissents as follows:

I respectfully dissent from the majority opinion. The intent of the majority opinion is to require the following with regard to the insurance purchased by a father on his owned vehicle where he has named his son as an insured: Any motor vehicle driven by his son shall be covered by the father's insurance policy, even where the son was denied permission to drive the vehicle by its owner. While it may be commendable to require that every driver of a motor vehicle be covered by insurance, I am unable to find such requirements in the statutes.

I will restate portions of the pertinent code sections. Section 61-6-301, MCA (1989), (amended effective July 1, 1990), provides in part:

> (1) Every owner of a motor vehicle which is . . . operated in Montana by the owner or with his permission shall continuously provide insurance against loss . . . suffered by any person caused by maintenance or <u>use of a motor vehicle</u>, as defined in 61-1-102 . . . (Emphasis is supplied in majority opinion.)

In pertinent part § 61-1-102, MCA, provides:

> "Motor vehicle" means every vehicle propelled by its own power and designed primarily to transport persons or property upon the highways of the state. . . . The term does not include a bicycle . . .

The majority concludes that the Kathy Cloninger automobile falls within the definition of a motor vehicle as contained in § 61-1-102, MCA. That section covers all automobiles, and of course does include the Cloninger vehicle. I find it misleading to suggest that section somehow assists in reaching a conclusion that the Cloninger vehicle comes within the definition of § 61-6-301, MCA,

7

in such a manner that all that is left is to determine if the father gave his son permission to drive the Cloninger vehicle. Our problem is to determine if § 61-6-301(1), MCA, requires coverage.

In substance § 61-6-301, MCA, requires the owner of a motor vehicle operated with his permission to provide insurance. Clearly that reference to providing insurance is a reference back to the owned motor vehicle. It also seems clear that the reference to insurance against loss caused by use of a motor vehicle is merely descriptive of the type of insurance which is required on the motor vehicle. I therefore conclude that § 61-6-301, MCA, clearly requires every owner of a motor vehicle being operated in Montana with his permission to continuously provide insurance against loss resulting from use of the owned motor vehicle. I can find nothing in that section which applies to any vehicle other than the owned motor vehicle. I must dissent from the key conclusion of the majority opinion--that in some manner the foregoing statute compels an owner of a motor vehicle to provide continuous coverage for the use of any motor vehicle which is used with the owner's permission.

Having reached the foregoing conclusion, I of course cannot agree with the further conclusion that the policy as written violates the public policy of the statute so that the limitation of the use by Brian Hankinson of an automobile with his father's permission is void as contrary to public policy.

I further note that the majority's interpretation does not consider statutory provisions such as § 61-6-103, MCA (1989), (amended effective July 1, 1990), which in pertinent part provides:

8

(1) A "motor vehicle liability policy" . . . shall mean an owner's . . . policy of liability insurance . . .

(2) Such owner's policy of liability insurance shall:

(a) designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and

(b) insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured . . .

Clearly the foregoing section allows an owner to purchase insurance which designates which vehicles shall be covered by appropriate reference, and therefore allows the limitation contained in the present policy which grants coverage to motor vehicles driven by an insured used with the permission of the owner. Such a limitation seems completely consistent with § 61-6-103, MCA.

As suggested at the beginning of this dissent, it may be commendable to require insurance so that the driver of any car is covered. Under the facts of this case, it is not proper for this Court to make such a change in the statutes. That change should be left to the legislature. I dissent.

Justice

9