JUSTICE HARRISON
delivered the Opinion of the Court.
Allstate Insurance Company appeals a decision in a declaratory action it filed to determine its duty to indemnify and defend Luke Hankinson for any claims arising out of an automobile accident in which Hankinson was at fault. The Fourth Judicial District Court, Missoula County, Montana, granted summary judgment in respondents’ favor. We reverse and remand.
Issues:
1. Did the District Court err in concluding that Hankinson had the owner’s permission by defining owner as any driver and by assuming facts not in the record?
2. Is the word “owner’s” ambiguous?
3. Is Allstate entitled to summary judgment when the undisputed facts show that Cloninger controlled her son’s use of the automobile and both the son and his friend, the driver at the time of the accident, knew that the driver did not have permission to drive the automobile?
On July 30, 1988, Luke Hankinson, a minor, was driving a car when an accident occurred injuring Gerald Baasch and Gwen Grenfell. The car belonged to Kathy Cloninger who had given her son, Brian Young, permission to use the vehicle. Despite Ms. Cloninger’s express instructions that no one but Brian was to drive the car, Brian gave Luke Hankinson permission to drive the car. It is undisputed that Luke Hankinson knew that he did not have Kathy Cloninger’s permission to drive that vehicle.
Luke Hankinson was an insured on William Hankinson’s, Luke’s father, Allstate automobile owner’s liability insurance policy. Respondents sought coverage under William Hankinson’s Allstate policy, *3 specifically under the non-owned automobile provision which provided the following coverage:
“A non-owned auto used by you or a resident relative with the owner’s permission!.]”
Allstate denied coverage because Luke Hankinson did not have Kathy Cloninger’s permission to use the non-owned automobile.
Relying on two Montana cases, the District Court found that Brian Young was an owner of the non-owned automobile for insurance coverage purposes. Since Brian gave Luke permission to drive, Luke drove the non-owned automobile with the owner’s permission triggering coverage under Luke’s father’s Allstate policy.
Did the District Court err in concluding that Hankinson had the owner’s permission by defining owner as any driver and by assuming facts not in the record?
Upon review, we find that § 61-6-301, MCA (1989) (amended effective July 1, 1990), guides the proper resolution to this case. In pertinent part, § 61-6-301, MCA, provides:
“(1) Every owner of a motor vehicle which is registered and operated in Montana by the owner or with his permission shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property suffered by any person caused by maintenance or use of a motor vehicle, as defined in 61-1-102, in an amount not less than that required by 61-6-103, or a certificate of self-insurance issued in accordance with 61-6-143.” (Emphasis added.)
The mandatory liability coverage statute compels a motor vehicle owner to provide continuous liability coverage for the use by the owner or with the owner’s permission of any motor vehicle as defined in § 61-1-102, MCA. Kathy Cloninger’s automobile falls within § 61-1-102’s definition of a motor vehicle. Thus, under Montana’s mandatory liability protection statutes, the only question regarding coverage under the Hankinson policy should be whether Luke’s father gave him permission, either express or implied, to drive the Cloninger vehicle.
The problem in this case arises because the Hankinson policy’s non-owned automobile coverage conflicts with the mandatory coverage required by § 61-6-301, MCA. Section 61-6-301, MCA, refers to § 61-6-103(2) which is the statute that draws in Hankinson’s automobile owner’s liability policy. The applicable section is § 61-6-103(2), MCA (1989) (amended effective July 1,1990), which states:
*4 “2) Such owner’s policy of liability insurance shall:
“(a) designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
“(b) insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle ...”
The language “by appropriate reference” found in § 61-6-103(2)(a), MCA, refers to Hankinson’s policy’s non-owned vehicles provision which provides coverage for “[A] non-owned auto used by you or a resident relative with the owner’s permission.” In this case, the effect of the non-owned auto provision’s qualifying language “with the owner’s permission” is to provide less than the minimum mandatory coverage required by § 61- 6-301, MCA.
Our prior decisions interpreting insurance policies in light of Montana’s Mandatory Liability Protection Act establishes that when policy language excludes coverage otherwise statutorily mandated then that policy language is void as contrary to public policy. See, Horace Mann Ins. v. Hampton (1989), 235 Mont. 354, 767 P.2d 343; Iowa Mutual Ins. Co. v. Davis (1988), 231 Mont. 166, 752 P.2d 166. If Luke’s father gave Luke permission to drive the non-owned vehicle, then § 61-6-301, MCA, mandates coverage. However, under Hankinson’s policy terms even if Luke’s father gave permission, coverage is cut short if the non-owned vehicle’s owner did not give permission. Such an exclusion is contrary to public policy. Thus, we hold that Hankinson’s policy’s non-owned automobile provision’s qualifying language “with the owner’s permission” is void as contrary to the public policy established by Montana’s Mandatory Liability Protection statutes.
In summary, the key issue for this case is whether Luke’s father gave him permission to drive the non-owned vehicle. However, that has not yet been addressed by the District Court. Because of our holding on this issue, we need not address the other issues raised. We reverse the District Court’s granting of summary judgment and remand for proceedings consistent with this opinion.
*5 CHIEF JUSTICE TURNAGE and JUSTICES SHEEHY, BARZ, HUNT and McDONOUGH concur.