**FIRE INSURANCE EXCHANGE, a Reciprocal and Inter–Insurance Exchange, Plaintiff,**

v.

**Pierre TIBI, Jonathan Kayser, and Allstate Insurance Company, Defendants.**

**No. CV–93–141–GF–PGH.**

United States District Court, D. Montana, Great Falls Division.

July 23, 1996.

Lyman H. Bennett, III, Morrow, Sedivy & Bennett, PC, Bozeman, MT, for Fire

Insurance Exchange, a Reciprocal and Inter–Insurance 'Exchange, plaintiff.

Barry A. MacBan, Michael L. Barth, Weyl, Guyer, MacBan & Olson, Phoenix, AZ, David A. Veeder, Veeder Law Firm, PC, Billings, MT, for Pierre Tibi, defendant.

Thomas D. Gai, Office of the Yellowstone County Attorney, Billings, MT, K. James Malady, III, Malady Law Office, Bennington, VA, for Jonathan Kayser, defendant.

Steve Reida, Landoe, Brown, Planalp & Braaksma, PC, Bozeman, MT, for Allstate Insurance Company, defendant.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

In the present declaratory judgment action the court was called upon to determine whether certain personal injury claims advanced by defendant Jonathan Kayser against defendant Pierre Tibi are covered under a policy of automobile liability insurance issued by defendant Allstate Insurance Company ("Allstate") to Robert and Suzanne Colwell; and a policy of homeowner's insurance issued to Tibi by the plaintiff, Fire Insurance Exchange. The subject claims emanate from a bullet wound Kayser sustained on a hunting trip with Tibi.[1] On October 25, 1995, the court issued a Memorandum and Order wherein it concluded the personal injury claims asserted by Kayser were covered under both the automobile liability policy issued by Allstate, and the homeowner's insurance policy issued Fire Insurance Exchange.

Judgment was entered accordingly on October 30, 1995. On November 27, 1995, Allstate appealed the final judgment to the Ninth Circuit Court of Appeals, an appeal which, at the present, is under submission for determination.

Presently before the court is Allstate's motion requesting the court to relieve it from the final judgment, pursuant to Fed.R.Civ.P. 60(b)(1),[2] upon the ground the court erred when it concluded the "employee" exclusion contained in the Allstate automobile liability policy was void and unenforceable.[3] Allstate argues the decision of the court is contrary to the prescription of Mont.Code Ann. § 61–6–103(5), which provides, *inter alia*, that a motor vehicle liability policy need not insure an employee of an insured for injuries he incurs while engaged in the employment of the insured. Having reviewed the record, together with the parties' briefs in support of their respective positions, the court is prepared to rule.

### DISCUSSION

At the outset, the court notes that after Allstate filed the present Rule 60(b)(1) motion, it appealed the final judgment issued by this court. When Allstate instituted the appeal, this court became divested of jurisdiction to grant relief under Fed.R.Civ.P. 60(b), absent a remand from the Ninth Circuit Court of Appeals. *See, Long v. Bureau of Economic Analysis*, 646 F.2d 1310 (9th Cir.1981), *vacated on other grounds*, 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981); *Smith v. Lujan*, 588 F.2d 1304 (9th Cir.1979). To seek Rule

---

1. Subsequent to the shooting accident, Kayser instituted a negligence action against Tibi in this court, alleging the injuries he sustained were caused by the negligent handling of a rifle by Tibi. *See, Kayser v. Tibi*, Cause No. CV–94–015–GF–PGH.

2. Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

   **Rule 60. Relief From Judgment or Order**
   (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.

   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons; (1) mistake, inadvertence, surprise, or excusable neglect; ....

3. Under Rule 60(b)(1) a party may seek relief from judgment predicated upon a legal or "deliberative" error by a trial court. *Liberty Mutual Insurance Company v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir.1982); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir.1966).

60(b) relief, at this juncture, the proper procedure is to ask this court to indicate whether it wishes to entertain the motion, or to grant it, and then move the Ninth Circuit Court of Appeals, if appropriate, for remand of the case. *Smith v. Lujan,* 588 F.2d at 1307. Because Allstate failed to properly invoke this procedure to obtain relief under Fed.R.Civ.P. 60(b) during the pendency of the present appeal, the court is compelled to deny Allstate's Rule 60(b) motion for lack of jurisdiction.

Assuming *arguendo* that Allstate were to pass the described procedural threshold, the Rule 60(b) motion advanced by Allstate would fail on the merits because it is premised upon a misinterpretation of the court's Memorandum and Order issued on October 25, 1995. Contrary to Allstate's characterization of the referenced order, the court did not conclude that Kayser's injuries were covered by the Allstate automobile liability policy because the "employee" exclusion contained in the Allstate policy, was as a whole, void on its face. It is true, as noted by Allstate, that an automobile liability insurance policy may contain an "employee" exclusion as a valid limitation on coverage to the extent it is consistent with Mont.Code Ann. § 61–6–103(5). The court, however, properly concluded the "employee" exclusion was void as applied to the facts in this case, because the portion of the exclusion relied upon by Allstate places a limitation on coverage that is not contemplated by Mont.Code Ann. § 61–6–103(5), and is otherwise contrary to the prescriptions of Montana's Mandatory Liability Act, Mont.Code Ann. § 61–6–301.

■ Montana Code Ann. § 61–6–103(5), permits an automobile liability insurance policy to exclude coverage in a situation where a claimant-employee seeks to recover damages from his employer who, under the terms of the policy, is either a named insured or an omnibus insured:

**61–6–103. Motor vehicle liability policy defined.**

4. The parties agree that Tibi is an omnibus

\*\*\*

(5) A motor vehicle liability policy need not insure any liability under any workers' compensation law or any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured or while engaged in the operation, maintenance, or repair of a motor vehicle or any liability for damage to property owned by, rented to, in charge of, or transported by the insured.

The purpose of Mont.Code Ann. § 61–6–103(5) is to protect the insured employer from the expense of double coverage where an employee is covered by workers compensation.

■ The employee exclusion, contained in the Amendatory Endorsement to the Allstate policy, provides that Allstate will not pay for damages an insured person is legally obligated to pay because of:

4. Bodily injury to an employee of **any** insured person arising in the course of employment.... (emphasis added).

This exclusion operates to exclude coverage not only in the situation where a claimant-employee seeks to recover damages from his insured employer (a coverage limitation permitted under Mont.Code Ann. § 61–6–103(5)), but also when the claimant-employee seeks to recover damages from an insured third party, who is not the claimant's employer. Allstate relies upon this latter portion of the "employee" exclusion to challenge coverage for the injuries sustained by Jonathan Kayser. Specifically, Allstate argues that because Jonathan's injuries arose during the course of his employment with his father, Terry Kayser, an omnibus insured under the Allstate policy, the employee exclusion contained in the Allstate policy operates to preclude coverage for any personal injury claim asserted by Jonathan Kayser against any other insured person, including Tibi.[4]

insured under the Allstate automobile insur-

Because the portion of the "employee" exclusion relied upon by Allstate is not expressly permitted under Mont.Code Ann. § 61–6–103(5), it is valid only if it complies with the prescriptions of Montana's Mandatory Liability Protection Act, Mont.Code Ann. § 61–6–301.[5] Section 61–6–301 provides that every owner of a motor vehicle registered and operated in Montana shall provide continuous liability coverage for bodily injury suffered by any person arising out of the use of a vehicle by either the owner or a person operating the vehicle with the owner's permission. The minimum liability coverage that must be provided for the bodily injury claims of any one person, in any one accident is $25,000. Mont.Code Ann. § 61–6–103(2).[6]

■ The purpose of the mandatory insurance law is to protect the public from uncompensated losses arising from the use of a motor vehicle. *Guaranty National Ins. Co. v. Kemper Financial Services,* 667 F.Supp. 714 (D.Mont.1987). So long as the terms of an automobile liability policy provide the statutorily required coverage, an insurer and its insured are free to enter an agreement that limits coverage under the liability insurance policy, to the extent the agreement is otherwise valid under the law. *See, Iowa Mutual Ins. Co. v. Davis,* 231 Mont. 166, 752 P.2d 166, 170 (Mont. 1988); *Mid–Century Ins. Co. v. American Casualty Co.,* 152 Mont. 328, 449 P.2d 679, 682 (Mont.1969). If, however, an exclusionary provision in an automobile liability insurance policy operates in any fashion that is repugnant to the State of Montana's interest in protecting the innocent victims of auto-related accidents, the exclusionary provision is void and unenforceable. *Transamerica Ins. Co. v. Royle,* 202 Mont. 173, 656 P.2d 820, 823 (Mont.1983).[7]

An examination of the portion of the "employee" exclusion relied upon by Allstate, in this case, reveals that it effectively operates to deprive those persons described in the exclusion of all liability coverage, including the minimum coverage prescribed under Mont.Code Ann. § 61–6–301. Consequently, it is necessarily invalid and unenforceable. Allstate must therefore afford liability coverage to Tibi to the full extent provided in the coverage provision of its' policy. *Leibrand v. National Farmers Union Property and Casualty Co.,* 272 Mont. 1, 898 P.2d 1220 (Mont.1995).

Therefore, for the reasons set forth herein,

---

ance policy.

**5.** The Mandatory Liability Protection Act provides, in pertinent part, as follows:

    **61–6–301. Required motor vehicle insurance.**
    (1) ... an owner of a motor vehicle which is registered and operated in Montana by the owner or with his permission shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property suffered by any person caused by maintenance or use of a motor vehicle, as defined in 61–1–102, in an amount not less than that required by 61–6–103, or a certificate of self-insurance issued in accordance with 61–6–143.

**6.** The minimum liability coverage requirements in Montana are established by the Motor Vehicle Safety—Responsibility Act, codified at Mont.Code Ann. §§ 61–6–101, *et seq.* Section 61–6–103(2) sets forth the minimum liability limits allowed by law at: (i) $25,000 because of bodily injury to or death of one person in any one accident; and (ii) $50,000 because of bodily injury to or death of two or more persons in any one accident.

**7.** In *Transamerica Ins. Co. v. Royle,* 202 Mont. 173, 656 P.2d 820 (Mont.1983), the Montana Supreme Court was called upon to determine whether a "household exclusion clause" contained in an auto liability policy was violative of Montana's Mandatory liability Protection Act. The household exclusion at issue excluded coverage for "bodily injury to any person who is related by blood, marriage, or adoption to [the insured], if that person reside[d] in the [insured's] household at the time of the loss."

    The court held the household exclusion was invalid because it ran afoul of the language of Montana's Mandatory Insurance Law which required the "liability policy protect against bodily injury and property damage to 'any person'." *Transamerica,* 656 P.2d at 823.

IT IS HEREBY ORDERED that Allstate's motion for relief from judgment is DENIED.

The Clerk of Court is directed to notify counsel for the respective parties of the entry of this order.