Wellington v. Corrections          CV-96-189-M    12/30/96
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


James Wellington,
      Plaintiff

      v.                                          Civil No. 96-189-M

Paul Brodeur, Commissioner,
Department of Corrections,
      Defendant.


                            O R D E R


      James Wellington brings this petition for habeas corpus

pursuant to 28 U.S.C. § 2254, claiming that he received

ineffective assistance of counsel during his state criminal

trial.  He also claims that the New Hampshire Adult Parole Board

(the "Board") and the New Hampshire Department of Corrections

have wrongfully denied him parole based upon his failure to

participate in and complete the prison's sexual offender program.

Defendant, the Commissioner of the Department of Corrections,

moves for summary judgment.  For the reasons set forth below,

that motion is granted.

## Background

On April 11, 1985, a Hillsborough County (New Hampshire) Grand Jury indicted Wellington on a charge of felonious sexual assault. He was subsequently convicted of that charge when, without explicitly admitting his guilt, he entered a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). Pursuant to his plea agreement, Wellington received a suspended sentence of 5 to 15 years in prison and was released on probation. Subsequently, however, he violated the conditions of his probation by, among other things, having unsupervised contact with a minor. Accordingly, the trial court brought forward Wellington's suspended sentence, ordered that he be incarcerated, and recommended that he participate in the prison's sexual offender program.

After serving five years in prison, plaintiff appeared before the Board, seeking parole. The Board denied his request and informed him that it would not consider any further requests until he had successfully completed the prison's sexual offender program ("SOP"). Because Wellington continues to maintain his innocence, however, he is not eligible to participate in the SOP, which requires participants to accept responsibility for the

2

sexual misconduct underlying their convictions.  See generally Knowles v. Warden, New Hampshire State Prison, 140 N.H. 387, ___, 666 A.2d 972, 974 (1995).  Unless and until he participates in and completes the SOP, Wellington will not be paroled and will serve his full 15 year sentence.

Wellington raises two claims in support of his assertion that he is "in custody in violation of the Constitution or laws of the United States."  28 U.S.C. § 2254.  First, he asserts that the Board's refusal to consider him for parole until he successfully completes the SOP violates his Fifth Amendment right to be free from compelled self-incrimination.  Additionally, he claims that he was denied effective assistance of counsel at his trial because his counsel failed to inform him that if he should violate the conditions of probation and be incarcerated, he might be required to participate in the sexual offender program before he would be eligible for parole.

The New Hampshire Supreme Court recently considered and rejected Wellington's claims.  See Wellington v. Commissioner, 140 N.H. 399 (1995).  Having exhausted his state remedies, Wellington filed this federal petition for habeas corpus.

3

**Discussion**

A.   <u>Wellington's Fifth Amendment Claim</u>.

Because, notwithstanding his conviction, Wellington continues to maintain his innocence (with regard to both his underlying crime of conviction and his probation violation), he is ineligible to participate in the sexual offender program. And, because the Board has conditioned his parole on, among other things, successful completion of that program, he is presently ineligible for parole. Accordingly, he says that his parole is being impermissibly conditioned upon factors which would compel him to admit that he engaged in criminal conduct, in violation of his rights under the Fifth Amendment to the United States Constitution. And, because he says that he is otherwise entitled to be released on parole, he claims that he is being imprisoned in violation of the Constitution.

First, it is clearly established that Wellington has no constitutionally protected liberty interest in being paroled. <u>Jago v. Van Curren</u>, 454 U.S. 14 (1981); <u>Greenholtz v. The Inmates of Nebraska Penal & Correctional Complex</u>, 442 U.S. 1 (1979). Under New Hampshire law, parole is a matter of discretion rather than a matter of right. <u>Knowles</u>, 666 A.2d at 976; <u>Baker v.</u>

4

<u>Cunningham</u>, 128 N.H. 374, 381 (1986).  Neither the New Hampshire parole statute, N.H. RSA 651-A, nor the regulations promulgated pursuant to that statute "mandate[] a prisoner's release upon proof of certain ascertainable facts."  <u>Knowles</u>, 666 A.2d at 976 (citing <u>Baker</u>, 128 N.H. at 374).

Additionally, Wellington is not being "compelled" to give testimony against his penal interests.  Here, as in <u>Knowles</u>:

> the plaintiff may choose not to participate in the SOP.
> Accordingly, the compulsion element of a violation of
> his privilege against compelled self-incrimination is
> missing: he may choose not to admit his guilt.  The
> plaintiff's refusal to admit guilt will not cause him
> to serve additional prison time; he simply may be
> required to serve the sentence he received originally.

<u>Id.</u> at 977.  <u>See also</u> <u>State v. Donnelly</u>, 244 Mont. 371, 382, 798 P.2d 89, 96 (1990) (quoted in <u>Knowles</u>)("The key rests on whether the defendant was compelled to testify or was merely required to make a 'tactical' decision regarding his parole.  Here, defendant's decision to remain silent is a tactical one, not a compelled one. . . . Failure to satisfactorily complete the sex offender program . . . will not result in a penalty but will merely result in defendant's continued ineligibility for

parole."), <u>overruled on other grounds</u>, <u>Montana v. Imlay</u>, 249 Mont. 82, 813 P.2d 979 (1991).

Conditioning Wellington's parole on his successful completion of the sexual offender program (thereby at least implicitly conditioning his parole on his admission of guilt) does not violate any constitutionally protected liberty interest. Accordingly, his Fifth Amendment claims fail as a matter of law. <u>See generally</u> <u>Neal v. Shimoda</u>, 905 F.Supp. 813, 820 (D.Hawaii 1995) ("Denying Plaintiff parole . . . because he refuses to take the first step necessary for the sex offender treatment program does not violate his Fifth Amendment right to be free from self-incrimination."); <u>Russell v. Eaves</u>, 722 F.Supp. 558, 560 (E.D.Mo. 1989) ("Plaintiff's fifth amendment allegations are legally frivolous. . . . First, [the sexual offender program] is not a criminal proceeding, but a clinical rehabilitative program. Second, plaintiff's "testimony" is not compelled. He can refuse to participate in [the program]. Finally, plaintiff has already been convicted of the crime for which [the program] requires he accept responsibility.").

B.   Ineffective Assistance of Counsel.

Wellington also claims that he was denied effective assistance of counsel at his trial because, when he negotiated his plea agreement and Alford plea, he was not informed that if he violated the conditions of his probation and was required to serve his sentence of 5 to 15 years, future parole might be conditioned on an admission that he had engaged in criminal sexual activity.  In short, he claims that if he had been informed that participation in the sexual offender program might be a condition of parole (should he violate the terms of probation and be incarcerated), he would not have pled guilty but instead would have insisted on a trial.  Accordingly, he claims that he received constitutionally ineffective counsel, and his Alford plea was not "voluntary."

To be valid, a guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant."  North Carolina v. Alford, 400 U.S. at 31.  When a defendant is represented by counsel and enters a plea based on advice provided by counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  Hill v.

7

Lockhart, 474 U.S. 52, 56 (1985) (citation omitted).
Accordingly, the "voluntariness" of Wellington's plea is subsumed within the question regarding the effectiveness of trial counsel's assistance. Id.

In order to demonstrate that his trial counsel's performance was constitutionally deficient, Wellington must show that both elements of the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984), are present:

> We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, [411 U.S. 258 (1973)], and McMann v. Richardson, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. at 58-9; see also Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).

8

Wellington has, however, failed to clear the first of Strickland's two hurdles.  Typically, counsel need only advise a defendant of the direct consequences of his or her guilty plea; the "failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance."  United States v. Del Rosario, 902 F.2d 55, 59 (D.C. Cir.) (quoting United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985)), cert. denied, 498 U.S. 942 (1990).  Typically, parole eligibility is an indirect and collateral consequence of a guilty plea, of which the defendant need not be informed.  See Cepulonis v. Ponte, 699 F.2d 573, 577 (1st Cir. 1983) ("Ordinarily, the details of parole eligibility are considered collateral rather than direct consequences of a plea, of which a defendant need not be informed before pleading guilty.").  See also, Hill v. Lockhart, 474 U.S. at 56 ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary.");  Holmes v. United States, 876 F.2d 1545, 1549 (11th Cir. 1989) ("parole eligibility is a collateral rather than a direct consequence of a guilty plea.");  Bell v. North Carolina 576 F.2d 564, 565 (4th Cir.) ("Of course, a plea of guilty must

9

not be accepted unless made voluntarily after proper advice and with the defendant's full understanding of the consequences. However, the consequences which must be understood are only those which flow from the plea. Potential parole eligibility, absent special limitations, is not a direct incident to a guilty plea, and need not be previously communicated to a defendant.") (citations omitted), cert. denied, 439 U.S. 956 (1978). See generally Fed. R. Crim. P. 11(c)(1).[1]

Finally, even if Wellington were able to demonstrate that his counsel's advice was constitutionally deficient, he has failed to demonstrate that he suffered any "prejudice" as a result of that advice. Instead, he simply asserts that if he had been fully informed of the collateral consequences of his guilty plea, he would not have pled guilty and would have proceeded to

---

[1] If a defendant is "grossly misinformed" about parole availability, he or she may have a viable ineffective assistance claim. See, e.g., United States v. Hanley, 906 F.2d 1116, 1121 (6th Cir.), cert. denied, 498 U.S. 945 (1990); Czere v. Butler, 833 F.2d 59, 63 n.6 (5th Cir. 1987); Cepulonis v. Ponte, 699 F.2d 573, 577 (1st Cir. 1983); Strader v. Garrison, 611 F.2d 61, 64 (4th Cir. 1979). This is not, however, such a case. There is no evidence suggesting that Wellington was misinformed about the nature of his probation, the likely consequences should he violate probation, or the fact that he might be required to receive counseling as a condition of parole if he should subsequently violate his probation and be incarcerated. See Transcript of State Habeas Proceedings, at 61-78, 83-93.

trial.  Aside from being facially incredible,[2] such bald and unsupported conclusory statements are insufficient to establish the "prejudice" component of his ineffective assistance of counsel claim.  Hill v. Lockhart, 474 U.S. at 59 ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) (A "bare allegation [that defendant would not have pled guilty and would have proceeded to trial] is not sufficient to establish prejudice."), cert. denied, 115 S.Ct. 1709 (1995); Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) ("A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice.") (citation omitted), cert. denied, 510 U.S. 1099 (1994).

---

[2] When he entered his Alford plea and was sentenced to probation with a suspended sentence of 5 to 15 years, Wellington apparently had a history of sexual assaults on children. Nevertheless, he received a sentence which, under the circumstances, was extremely favorable.  His unsupported assertion that he would have rejected such a favorable offer, proceeded to trial, and risked incarceration for 7½ to 15 years (the statutory sentence for his crime) if he had merely understood the potential collateral consequences of his plea lacks the ring of truth.

In short, Wellington has failed to point to any genuine issues of material fact with regard to either prong of the Strickland test. Accordingly, his claims that he was denied effective assistance of counsel and his plea was involuntary necessarily fail.

**Conclusion**

In light of the foregoing, the court concludes that there are no genuine issues of material fact and Wellington's petition for habeas corpus must, as a matter of law, be denied. Accordingly, defendant's motion for summary judgment (document no. 9) is granted. The Clerk of the Court is instructed to close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

December 30, 1996

cc:  James Wellington
     Jennifer B. Gavilondo, Esq.

12