JUSTICE TRIEWEILER
concurring and dissenting.
¶43 I concur in the majority’s conclusions that the Appellants did not waive the right to claim attorney fees; that an insurer should be liable for attorney fees when it breaches its duty to indemnify; and that, therefore, this Court’s prior decision in Yovish v. United Services Auto. Ass’n (1990), 243 Mont. 284, 794 P.2d 682, should be reversed.
¶44 I dissent from the majority’s conclusion that an exception to the American Rule regarding attorney fees should not be extended to third-party claimants to whom indemnity has been wrongfully denied by an insurer. While I agree with the Court’s reasoning for extending the right to recover attorney fees to insureds who have had to incur attorney fees to enforce an insurer’s contractual obligation to indemnify them, I fail to see how that reasoning is not equally applicable to third-party claimants who are wrongfully denied indemnification pursuant to the same contractual obligation.
¶45 As noted by the majority, the American Rule is simply the result of prior court decisions. It is not a statutory rule, nor is it a constitutional requirement. Therefore, as we stated in Pence v. Fox (1991), 248 Mont. 521, 524, 813 P.2d 429, 431, this Court has an obligation to reconsider that rule when justice requires. As pointed out in ¶ 14 of the majority Opinion, we have frequently done so where we concluded that justice required and we do so again today in the majority Opinion. However, the majority Opinion does not go far enough. Appleman states that:
If the insurer can force [the insured] into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.
Appleman, 7C Insurance Law and Practice § 4691, at 282-83 (1979).
¶46 The majority cites as other reasons for its decision the disproportionate bargaining position of the insurer and the futility of recovery when it must be at great expense. All these considerations are equally applicable to injured third-party claimants who have a right to indemnity pursuant to the insurer’s contract with its insured, and, *247 in some instances, based upon the mandatory liability coverage laws of this state.
¶47 The majority, while correctly recognizing that common laws are meant to be modified when justice so requires, then draws an artificial distinction between insureds and third parties based on the contractual relationship of the insured. In doing so, the majority once again genuflects at the alter of the American Rule. However, the distinction is unimportant to the interest in equity which required the majority to consider another exception to the American Rule in the first instance.
¶48 While it is true that the insurer has a contractual obligation to its insured, that same contract, as well as Montana’s public policy, give rise to an insurer’s separate obligation to injured third parties.
¶49 In the late 1970s, the legislature enacted mandatory liability protection provisions, found at §§ 61-6-301 to 304, MCA. As the majority indicates, we have held that:
[i]t is clear that the mandatory liability insurance law seeks to protect members of the general public who are innocent victims of automobile accidents, and that § 61-6-301, MCA, was enacted for the benefit of the public and not for the benefit of the insured.
Watters v. Guaranty Nat. Ins. Co., 2000 MT 150, ¶ 29, 300 Mont. 91, ¶ 29, 3 P.3d 626, ¶ 29 (citing Iowa Mut. Ins. Co. v. Davis (1988), 231 Mont. 166, 170-71, 752 P.2d 166, 169).
¶50 Fifteen years ago, Justice John Sheehy poignantly described the obligations of an insurer to an injured third-party claimant:
More than ever, this case points up the necessity of this Court examining the duty of insurance companies toward third party claimants in the light of the mandatory insurance law.... [T]he purpose of the mandatory insurance law is to protect third party motorists on our highways. The duty of the insured to protect third party claimants and not harass them or refuse to pay their just claims is of greater import under mandatory insurance laws. The rights of the third party claimant now in automobile accident cases arise not merely through the insurance contract between the other motorist and his company but through the determination of the legislature that the general traveling public is to be protected....
Hart-Anderson v. Hauck (1988), 230 Mont. 63, 79, 748 P.2d 937, 947 (Sheehy, J. dissenting).
¶51 Furthermore, the legislature has extended to third-party claimants an independent cause of action for an insurer’s unfair claims *248 settlement practices without regard to the state’s mandatory liability provision. Section 33-18-242, MCA.
¶52 Insurers can easily avoid their statutory obligations as well as their contractual obligation when injured third parties are compelled to expend large sums of money on attorney fees and court costs to compel payment of what was owed in the first place. If injured third parties are compelled to expend these costs without reimbursement when coverage has been wrongfully denied, the statutory and contractual obligations referred to by Justice Sheehy are meaningless. ¶53 In summary, I see no reason for distinguishing between the plight of insureds who are wrongfully denied indemnity pursuant to their insurance contract and injured third parties who are wrongfully denied indemnity in spite of the insurer’s contract with its insured and, quite often, in violation of the insurer’s statutory obligations. Extending the right to be reimbursed for attorney fees to injured third parties would “eliminate yet another avenue through which the compensation of innocent automobile accident victims can be sidestepped.” See Iowa Mut. Ins. Co. v. Davis (1988), 231 Mont. 166, 172, 752 P.2d 166, 170.
¶54 For these reasons, I concur in part and dissent in part from the majority Opinion.
JUSTICE NELSON joins in the foregoing concurring and dissenting opinion.